UNITED STATES DISTRICT COURT
DISTRICT OF THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STATE OF CALIFORNIA, | ) ) ) | |
| Plaintiff, | ) ) | Civ. No. 1:07-CV-02024-RCL |
| v. | ) ) ) | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al, | ) ) ) | |
| Defendants. | ) ) | |

**ANSWER**

Defendants United States Environmental Protection Agency and Stephen L. Johnson, Administrator (collectively "EPA"), by undersigned counsel, answer Plaintiffs' Complaint for Declaratory and Injunctive Relief as follows:

1.  The first sentence of Paragraph 1 summarizes plaintiffs' claims and no response is required. EPA admits the remaining allegations in Paragraph 1.

2.  EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 2. The second sentence of Paragraph 2 cites a California regulation, which regulation speaks for itself.

3.  The first, second, and fourth sentences of Paragraph 3 contain conclusions of law to which no response is required. EPA lacks sufficient

knowledge and information to form a belief as to the truth of the allegations contained in the second and third sentences of Paragraph 3.

4. EPA admits that the California Air Resources Board ("CARB") submitted a waiver petition on December 21, 2005. The remainder of Paragraph 4 states conclusions of law to which no response is required.

5. Paragraph 5 cites comments submitted to EPA, which comments speak for themselves.

6. Paragraph 6 refers to unspecified documents, which documents speak for themselves.

7. The first sentence of Paragraph 7 contains conclusions of law to which no response is required. The second and third sentences of Paragraph 7 cite unidentified studies, which studies speak for themselves.

8. The allegations in Paragraph 8 are too vague and ambiguous for EPA to formulate a response. If further response is required, EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 8.

9. Paragraph 9 contains conclusions of law to which no response is required.

10. Paragraph 10 contains conclusions of law to which no response is required.

11.    EPA admits the allegations of Paragraph 11.

12.    EPA admits that the California legislature adopted Assembly Bill 1493 in 2002 .  The remainder of Paragraph 12 characterizes a state statute, which statute speaks for itself.

13.    EPA admits the allegations of Paragraph 13.

14.    EPA admits the allegations of the first two sentences of Paragraph 14.  The third sentence of Paragraph 14 characterizes a state regulation, which regulation speaks for itself.

15.    EPA admits the allegations of Paragraph 15.

16.    EPA admits the allegations of Paragraph 16.

17.    EPA admits the allegations of Paragraph 17.  However, on December 19, 2007, Administrator Johnson sent a letter to Governor Schwarzenegger, which states: "I have decided that EPA will be denying the waiver and have instructed my staff to draft appropriate documents setting forth the rationale for this denial in further detail and to have them ready for my signature as soon as possible."

18.    The allegations in Paragraph 18 are too vague and ambiguous for EPA to formulate a response.  If further response is required, EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 18.

19.    The allegations in Paragraph 19 are too vague and ambiguous for EPA

to formulate a response. If further response is required, EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 19.

20. EPA admits the allegations in the first sentence of Paragraph 20. The remaining allegations in Paragraph 20 are too vague and ambiguous for EPA to formulate a response. If further response is required, EPA lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in Paragraph 20.

21. The allegations in Paragraph 21 are too vague and ambiguous for EPA to formulate a response. If further response is required, EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 21.

22. EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in the second, third, and fourth sentences of Paragraph 22. The remaining allegations in Paragraph 22 are too vague and ambiguous for EPA to formulate a response. If further response is required, EPA lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in Paragraph 22.

23. EPA admits the allegations of the first sentence of Paragraph 23. The second sentence of Paragraph 23 cites unidentified projections, which projections

speak for themselves.

24. The allegations in Paragraph 24 are too vague and ambiguous for EPA to formulate a response. If further response is required, EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 24.

25. EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 25.

26. EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of the second sentence of Paragraph 26 or the allegation that 80 percent of California's agricultural production is sold for domestic production. The remaining allegations in Paragraph 26 are too vague and ambiguous for EPA to formulate a response. If further response is required, EPA lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in Paragraph 26.

27. The allegations in Paragraph 27 are too vague and ambiguous for EPA to formulate a response. If further response is required, EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 27.

28. EPA admits the allegations in the first two sentences of Paragraph 28. The remaining allegations in Paragraph 28 are too vague and ambiguous for EPA

to formulate a response.  If further response is required, EPA lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in Paragraph 28.

29.    EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in the second sentence of Paragraph 29.  The remaining allegations in Paragraph 29 are too vague and ambiguous for EPA to formulate a response.  If further response is required, EPA lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in Paragraph 29.

30.    The allegations in Paragraph 30 are too vague and ambiguous for EPA to formulate a response.  If further response is required, EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 30.

31.    The allegations in Paragraph 31 are too vague and ambiguous for EPA to formulate a response.  If further response is required, EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 31.

32.    EPA admits the allegations in the first and fourth sentences of Paragraph 32.  The remaining allegations in Paragraph 32 are too vague and ambiguous for EPA to formulate a response.  If further response is required, EPA

lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in Paragraph 32.

33.     The allegations in Paragraph 33 are too vague and ambiguous for EPA to formulate a response. If further response is required, EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 33.

34.     The allegations in Paragraph 34 are too vague and ambiguous for EPA to formulate a response. If further response is required, EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 34.

35.     EPA admits the allegations in the first sentence of Paragraph 35 and the allegation that the South Coast and San Joaquin air basins are the only severe and serious designations for the 8-hour ozone standard. The remaining allegations in Paragraph 35 are too vague and ambiguous for EPA to formulate a response. If further response is required, EPA lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in Paragraph 35.

36.     The allegations in the first two sentences of Paragraph 36 are too vague and ambiguous for EPA to formulate a response. If further response is required, EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 36. The

remainder of Paragraph 36 cites unidentified projections, which projections speak for themselves.

37. EPA admits the allegations of the fourth sentence of Paragraph 37. The remaining allegations in Paragraph 37 are too vague and ambiguous for EPA to formulate a response. If further response is required, EPA lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in Paragraph 37.

38. The allegations in Paragraph 38 are too vague and ambiguous for EPA to formulate a response. If further response is required, EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 38.

39. The allegations in Paragraph 39 are too vague and ambiguous for EPA to formulate a response. If further response is required, EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 39.

40. The allegations in Paragraph 40 are too vague and ambiguous for EPA to formulate a response. If further response is required, EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 40.

41. EPA admits the allegations contained in Paragraph 41.

42. The allegations in Paragraph 42 are too vague and ambiguous for EPA to formulate a response. If further response is required, EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 42.

43. EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 43.

44. EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 44.

45. The allegations in Paragraph 45 are too vague and ambiguous for EPA to formulate a response. If further response is required, EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 45.

46. Paragraph 46 summarizes a state regulation, which regulation speaks for itself.

47. Paragraph 47 summarizes a state regulation, which regulation speaks for itself.

48. Paragraph 48 summarizes a state regulation, which regulation speaks for itself.

49. Paragraph 49 summarizes a state regulation, which regulation speaks for itself.

50. Paragraph 50 contains conclusions of law to which no response is required.

51. The allegations in Paragraph 51 are too vague and ambiguous for EPA to formulate a response.

52. Paragraph 52 summarizes a statute, which statute speaks for itself.

53. Paragraph 53 summarizes a statute, which statute speaks for itself.

54. Paragraph 54 summarizes a statute, which statute speaks for itself.

55. Paragraph 55 contains conclusions of law to which no response is required.

56. The allegations in the first sentence in Paragraph 56 characterize a document, which document speaks for itself. EPA denies the allegations of the second sentence of Paragraph 56, in that EPA requested information from the public regarding CARB's submittal.

57. EPA admits that the Governor of California sent a letter to the President of the United States on April 10, 2006 and that a copy was sent to the EPA Administrator. The contents of the letter speak for themselves. EPA denies the remaining allegations of Paragraph 57.

58. EPA admits the allegations contained in the third sentence of Paragraph 58. The remaining allegations in Paragraph 58 are too vague and ambiguous for EPA to formulate a response.

59. EPA admits that the Governor of California sent a letter to the President of the United States on October 24, 2006 and that a copy was sent to the EPA Administrator. The contents of the letter speak for themselves

60. EPA admits the allegations in the first sentence of Paragraph 60. The second sentence of Paragraph 60 refers to a judicial decision, which decision speaks for itself.

61. The first sentence of Paragraph 61 contains conclusions of law to which no response is required. The second sentence of Paragraph 61 cites documents, which documents speak for themselves.

62. Paragraph 62 contains conclusions of law to which no response is required.

63. Paragraph 63 contains conclusions of law to which no response is required. Paragraph 63 also cites documents, which documents speak for themselves.

64. The first sentence of Paragraph 64 contains conclusions of law to which no response is required. The remaining allegations in Paragraph 64 are too vague and ambiguous for EPA to formulate a response.

65. The allegations in Paragraph 65 are too vague and ambiguous for EPA to formulate a response.

66. Paragraph 66 contains conclusions of law to which no response is

required. Paragraph 66 also cites documents, which documents speak for themselves.

67. The first sentence of Paragraph 67 states conclusions of law to which no response is required. EPA admits the allegations of the second sentence of Paragraph 67. The remainder of Paragraph 67 cites documents, which documents speak for themselves.

68. Paragraph 68 summarizes a judicial decision, which decision speaks for itself. Paragraph 68 also contains conclusions of law to which no response is required.

69. The first sentence of Paragraph 69 contains conclusions of law to which no response is required. The second sentence of Paragraph 69 characterizes a judicial decision, which decision speaks for itself.

70. Paragraph 70 cites a document, which document speaks for itself.

71. The first two sentences of Paragraph 71 characterize state regulations, which regulations speak for themselves. EPA admits the allegations of the third sentence of Paragraph 71. The fourth sentence of Paragraph 71 contains conclusions of law to which no response is required.

72. The allegations in Paragraph 72 are too vague and ambiguous for EPA to formulate a response. If further response is required, EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations

contained in Paragraph 72.

73. The allegations in Paragraph 73 are too vague and ambiguous for EPA to formulate a response. If further response is required, EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 73.

74. Paragraph 74 contains conclusions of law to which no response is required.

75. Paragraph 75 contains conclusions of law to which no response is required.

76. Paragraph 76 contains conclusions of law to which no response is required.

77. Paragraph 77 contains conclusions of law to which no response is required.

**PRAYER FOR RELIEF**

EPA denies that plaintiffs are entitled to the relief requested.

**GENERAL DENIAL**

Except as expressly admitted or otherwise stated herein, EPA denies each and every allegation in Plaintiffs' Complaint.

**AFFIRMATIVE DEFENSE**

Plaintiffs have failed to state a claim upon which relief can be granted.

WHEREFORE, for these reasons, EPA requests that the Court deny Plaintiffs' Complaint

with prejudice that the United States be awarded its costs in this action, and that the Court grant such other and further relief as may be appropriate.

                                          Respectfully submitted,

                                          RONALD J. TENPAS
                                          Assistant Attorney General

                                          /S/ Norman L. Rave, Jr.
                                          NORMAN L. RAVE, JR.
                                          Trial Attorney
                                          United States Department of Justice
                                          Environment and Natural Resources Division
                                          P.O. Box 23986
                                          Washington, D.C. 20026-3986
                                          D.C. Bar No. 431602
                                          Tel: (202) 616-7568
                                          Fax: (202) 514-8865

Of Counsel:

MICHAEL HOROWITZ
Office of General Counsel
United States Environmental Protection Agency

January 7, 2008