# UNITED STATES DISTRICT COURT
## DISTRICT OF THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STATE OF CALIFORNIA, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. No. 1:07-CV-02024-RCL |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES ENVIRONMENTAL | ) | |
| PROTECTION AGENCY, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' MOTION TO HOLD CASE IN ABEYANCE PENDING RESOLUTION OF PLAINTIFFS' IDENTICAL CLAIMS IN THE COURT OF APPEALS

Defendants United States Environmental Protection Agency and Stephen L. Johnson, Administrator, (collectively "EPA") hereby move to hold this case in abeyance pending a final decision in California v. EPA, No. 07-1457 (D.C. Cir.), an action brought by plaintiff State of California in the United States Court of Appeals for the District of Columbia Circuit raising the identical claim that plaintiff is raising in this action. Although EPA believes that jurisdiction properly lies in this Court, and has so represented in a motion to dismiss the D.C. Circuit case, California has chosen to pursue its claims in the Court of Appeals; that court has deferred resolution of the arguments in EPA's motion to dismiss to the merits

panel; and has established a briefing schedule.  Briefing in that case is underway.

In order to avoid both unnecessary expenditure of judicial resources and the risk of

inconsistent decisions, this case should be held in abeyance pending resolution of

the matter in the Court of Appeals.

      EPA has consulted with counsel for the other parties on this motion.

Plaintiff and intervenors have represented that they intend to oppose it.  A

proposed order is attached (Attachment 1).

## BACKGROUND

      In this case, plaintiff State of California seeks an order compelling EPA to

make a determination on its request for a waiver of preemption of new motor

vehicle emission standards pursuant to section 209(b) of the Clean Air Act, 42

U.S.C. § 7543(b).  Under the Act, EPA promulgates nationally applicable emission

standards for new motor vehicles and States are generally preempted from

adopting their own standards.  42 U.S.C. § 7543(a).  However, the statute contains

a provision allowing the State of California to seek a waiver of preemption under

specified circumstances.  Id. § 7543(b).  In the petition relevant to this case,

California is seeking a waiver of preemption for state regulations to govern

emissions of greenhouse gases from new motor vehicles in California. EPA has not yet taken final action on that petition.[1]

On November 8, 2007, California filed both this action and a petition for review in the Court of Appeals asserting that EPA has unreasonably delayed responding to its waiver petition. California took no action to expedite this case, but rather filed a motion to expedite the action in the Court of Appeals. D.C. Cir. No. 07-1457, Dec. 10, 2007. EPA opposed that motion on the ground that the Court of Appeals lacks jurisdiction and that California had not met the standard for expedited review. D.C. Cir. No. 07-1457, Dec. 21, 2007. EPA filed a motion to dismiss the action in the Court of Appeals, or, in the alternative, to hold that case in abeyance. D.C. Cir. No. 07-1457, Dec. 10, 2007.[2] California opposed that motion

---

[1] On December 19, 2007, the EPA Administrator announced that EPA will be denying the waiver and that he has instructed his staff to draft appropriate documents and have them ready for his signature as soon as possible. December 19, 2007 letter from Stephen L. Johnson, EPA Administrator, to Arnold Schwarzenegger, Governor of California, at 2 (Attachment 2). Although the Administrator's December 19 letter is not final agency action for purposes of judicial review under section 307(b) of the Act, 42 U.S.C. § 7607(b), this case is likely to become moot in the near future.

[2] EPA stated in its motion to dismiss the D.C. Circuit action that this Court has jurisdiction over California's claims pursuant to Clean Air Act section 304(a), 42 U.S.C. § 7604(a), which provides that: "The district courts of the United States shall have jurisdiction to compel (consistent with paragraph (2) of this subsection) agency action unreasonably delayed . . . ."

and suggested that it would be more appropriate to hold the action in this Court in abeyance.  D.C. Cir. No. 07-1457, Dec. 21, 2007, at 11 (Attachment 3).

On January 3, 2008, the Court of Appeals issued an Order resolving the pending motions.  Attachment 4.  The court denied California's motion to expedite, denied EPA's motion to hold the case in abeyance, and referred EPA's motion to dismiss to the merits panel.  The court established a briefing schedule under which California's brief was filed January 15, EPA's brief is due February 14, and California's reply brief is due February 28.  The court further directed that the case be scheduled for argument on the first appropriate date following the completion of briefing.

## ARGUMENT

It is long-established that the federal courts' power to stay cases "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. North American Co., 299 U.S. 248, 254 (1936); National Family Planning and Reproductive Health Ass'n v. Sullivan, Civ. A. No. 92-2177 (CRR), 1992 WL 345629 (D.D.C. Oct. 5, 1992), at *3 (Attachment 5).  It is similarly well-established that federal courts have an obligation to avoid

duplicative litigation.  <u>Colorado River Conserv. Dist. v. United States</u>, 424 U.S.

800, 817 (1976).

> As described by Judge Richey:

> This principle of judicial comity is derived from the policies favoring
> the conservation of judicial resources as well as providing for the
> comprehensive disposition of litigation before the federal courts. . . .
> Without such a principle, two or more federal courts could be put in
> the position of simultaneously deciding the same issue, between the
> same parties, with opposite results.  Not only would this be a waste of
> judicial resources, but would also put the parties, and the Court in an
> untenable position with no authoritative disposition of the case.

<u>National Family Planning</u>, 1992 WL 345629, Att. 5, at *2 (internal citations

omitted).

In accordance with these principles, this case should be held in abeyance

pending resolution of the action in the Court of Appeals.  Not only are identical

claims being raised in both cases, but in its recently filed merits brief in the Court

of Appeals, California has argued that the D.C. Circuit, rather than this Court,

properly has jurisdiction over this matter.  D.C. Cir. No. 07-1457, Jan. 15, 2008, at

16-22.  While EPA disagrees, the Court of Appeals has undeniably taken

jurisdiction of this matter, at least to the extent of determining whether it has

jurisdiction over the unreasonable delay claim.  The question of which court

properly has jurisdiction is central to these cases, and the decision of the Court of

Appeals on the issue will be binding.  Thus, it makes little sense for this Court to

proceed until the Court of Appeals resolves the issue.  See National Family
Planning, 1992 WL 345629, Att. 5, at *3 (holding case in abeyance pending
resolution of potentially dispositive issue by the Court of Appeals); see also
Inverworld, Ltd. v. United States, Civ. A. No. 93-0544-LFO, 1993 WL 439831
(D.D.C. Oct. 21, 1993) (Attachment 6) (staying case pending resolution of case in
Tax Court addressing same issues).

California's case in the Court of Appeals is actively proceeding.  To address
the identical claims simultaneously in this Court would be an inappropriate use of
judicial resources and create the risk of inconsistent decisions.  Moreover,
California has chosen to actively pursue its claims in the Court of Appeals, rather
than in this Court, and has asserted that the Court of Appeals, rather than this
Court, has jurisdiction.  Thus, California should not be heard to claim that it will be
prejudiced by holding this case in abeyance while it pursues its claim in its chosen
forum.  Accordingly, this case should be held in abeyance pending a final decision
in the Court of Appeals.

## CONCLUSION

EPA's motion to hold this case in abeyance pending a final decision in
California v. EPA, No. 07-1457 (D.C. Cir.), should be granted.

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources
        Division


S/ Norman L. Rave, Jr.
NORMAN L. RAVE, JR.
United States Department of Justice
Environment and Natural Resources
        Division
P.O. Box 23986
Washington, DC  20026-3986
Tel:    (202) 616-7568
Fax:   (202) 514-8865
Email:norman.rave@usdoj.gov

January 25, 2008

# UNITED STATES DISTRICT COURT
## DISTRICT OF THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| STATE OF CALIFORNIA, ) | |
| ) | |
| Plaintiff, ) | Civ. No. 1:07-CV-02024-RCL |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES ENVIRONMENTAL ) | |
| PROTECTION AGENCY, et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

---

## [PROPOSED] ORDER ON DEFENDANTS'
## MOTION TO HOLD CASE IN ABEYANCE

Upon consideration of the motion of defendants United States

Environmental Protection Agency and Stephen L. Johnson, Administrator, to hold

this case in abeyance pending a final decision in California v. EPA, No. 07-1457

(D.C. Cir.), and the responses thereto.  It is hereby ORDERED that the motion is

GRANTED.

All proceedings in this case are held in abeyance pending further order of the

Court.

The parties are ordered to submit motions to govern further proceedings

within seven days of a final resolution of State of California v. EPA, No. 07-1457

(D.C. Cir.).

IT IS SO ORDERED.

_____
Royce C. Lamberth
United States District Judge

Date: _____



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
WASHINGTON, D.C. 20460

DEC 1 9 2007

OFFICE OF THE
ADMINISTRATOR

The Honorable Arnold Schwarzenegger
Governor of the State of California
State Capitol
Sacramento, California 95814

Dear Governor Schwarzenegger,

As I have committed to you in previous correspondence, I am writing to inform you of my decision with respect to the request for a waiver of Federal preemption for motor vehicle greenhouse gas emission standards submitted by the California Air Resources Board (CARB).

As you know, EPA undertook an extensive public notice and comment process with regard to the waiver request. The Agency held two public hearings: one on May 22, 2007 in Washington, D.C. and one in Sacramento, California on May 30, 2007. We heard from over 80 individuals at these hearings and received thousands of written comments during the ensuing public comment process from parties representing a broad set of interests, including state and local governments, public health and environmental organizations, academia, industry and citizens. The Agency also received and considered a substantial amount of technical and scientific material submitted after the close of the comment deadline on June 15, 2007.

EPA has considered and granted previous waivers to California for standards covering pollutants that predominantly affect local and regional air quality. In contrast, the current waiver request for greenhouse gases is far different; it presents numerous issues that are distinguishable from all prior waiver requests. Unlike other air pollutants covered by previous waivers, greenhouse gases are fundamentally global in nature. Greenhouse gases contribute to the problem of global climate change, a problem that poses challenges for the entire nation and indeed the world. Unlike pollutants covered by the other waivers, greenhouse gas emissions harm the environment in California and elsewhere regardless of where the emissions occur. In other words, this challenge is not exclusive or unique to California and differs in a basic way from the previous local and regional air pollution problems addressed in prior waivers.

Also, I firmly believe that, just as the problem extends far beyond the borders of California, so too must be the solution. Congress has recognized the need for very aggressive yet technically feasible national standards to address greenhouse gases and energy security by passing the Energy Independence and Security Act. Just today the President signed these national standards into law, providing environmental benefits and economic certainty for Californians and all Americans. I strongly support this national approach to this national challenge which establishes an aggressive standard of 35 miles per gallon for all 50 states, as opposed to 33.8 miles per gallon in California and a patchwork of other states. This legislation

will deliver energy security benefits and bring a much needed national approach to addressing global climate change, improving the environment for all Americans.

In light of the global nature of the problem of climate change, I have found that California does not have a "need to meet compelling and extraordinary conditions." Accordingly, I have decided that EPA will be denying the waiver and have instructed my staff to draft appropriate documents setting forth the rationale for this denial in further detail and to have them ready for my signature as soon as possible.

Please be assured that my decision in this matter is made specific to the facts and circumstances of this request, which, as explained above, are distinctly different from prior waiver requests. I do not intend for this decision to affect any future requests by the State of California for waiver determinations for non-greenhouse gas emissions from vehicles.

Finally, I want to acknowledge the leadership that you and your state have shown to increase vehicle fuel economy, to address energy security, and to reduce greenhouse gases. I agree that increased vehicle standards can be a win-win for the environment and the economy. I have no doubt that the national standards Congress adopted and the President signed into law this week were enacted, in part, because of your efforts.

Sincerely,

Stephen L. Johnson

cc:     Governor Janet Napolitano
Governor Bill Ritter
Governor Charlie Crist
Governor Deval Patrick
Governor Martin O' Malley
Governor John Baldacci
Governor Jon S. Corzine
Governor Eliot Spitzer
Governor Ted Kulongoski
Governor Don Carcieri
Governor Jon Huntsman, Jr.
Governor Jim Douglas
Governor Christine Gregoire
Governor M. Jodi Rell
Governor Edward Rendell
Governor Bill Richardson
Senator Barbara Boxer
Senator Dianne Feinstein
Representative Xavier Becerra
Representative Howard Berman
Representative Brian Bilbray
Representative Mary Bono
Representative Ken Calvert
Representative John Campbell
Representative Lois Capps
Representative Dennis Cardoza
Representative Jim Costa
Representative Susan Davis
Representative John Doolittle
Representative David Dreier
Representative Anna Eshoo
Representative Sam Farr
Representative Bob Filner
Representative Elton Gallegly
Representative Jane Harman
Representative Wally Herger
Representative Mike Honda
Representative Duncan Hunter
Representative Darrell Issa
Representative Tom Lantos
Representative Barbara Lee
Representative Jerry Lewis
Representative Zoe Lofgren
Representative Dan Lungren
Representative Doris Matsui
Representative Kevin McCarthy

Representative Howard "Buck" McKeon
Mary D. Nichols, California Air Resources Board

EDMUND G. BROWN JR.
Attorney General of the State of California
MARY E. HACKENBRACHT
Senior Assistant Attorney General
ELLEN M. PETER
Supervising Deputy Attorney General
JAN ZABRISKIE
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 322-5181
 Fax:  (916) 327-2319
 Email:  jan.zabriskie@doj.ca.gov

Attorneys for Petitioner

IN THE UNITED STATES COURT OF APPEALS

FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| **STATE OF CALIFORNIA by and through ARNOLD SCHWARZENEGGER, GOVERNOR OF THE STATE OF CALIFORNIA, and the CALIFORNIA AIR RESOURCES BOARD,**<br><br>Petitioner,<br><br>**v.**<br><br>**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and STEPHEN L. JOHNSON, ADMINISTRATOR,**<br><br>Respondents. | **Case No:  07-1457**<br><br>**STATE OF CALIFORNIA'S OPPOSITION TO RESPONDENTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO HOLD CASE IN ABEYANCE** |

# TABLE OF CONTENTS

**PAGE(S)**

I.      Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     Summary of California's Greenhouse Gas Regulation and Request for Waiver . . 2

III.    Jurisdictional Basis of California's Petition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.     This Court Has Not Yet Resolved Whether the 1990 Amendments Overruled
        Thomas  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

V.      Senate Report No. 101-228 Is Irrelevant to This Jurisdictional Question . . . . . . . 8

VI.     An Alternative Definition of "Not Discretionary" Under Section 7604 . . . . . . . 10

VII.    Any Abeyance Should Apply to the District Court . . . . . . . . . . . . . . . . . . . . . . . 11

VIII.   CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

*Sierra Club v. Leavitt*
    355 F.Supp.2d 544 (D.C. Dist. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Sierra Club v. Thomas*
    828 F.2d 783 (D.C. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 6, 7

*State of Maine v. Thomas*
    874 F.2d 883 (1st Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11

*Telecommunications Research & Action Center v. FCC*
    750 F.2d 70 (D.C. Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Utah Power & Light Co. v. EPA*
    553 F.2d 215 (D.C.Cir.1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## STATUTES

42 U.S.C.
    § 7604 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 9
    § 7604(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 10, 11
    § 7604(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    § 7604(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    § 7604(b)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    § 7604(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    § 7607 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
    § 7607(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

California Health & Safety Code
    § 38590 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    § 43153 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## TABLE OF AUTHORITIES (Cont'd.)

PAGE(S)

## RULES & REGULATIONS

California Code of Regulations, Title 13
§ 1961.1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
§ 1961.1(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## OTHER AUTHORITIES

72 Federal Register
21260 (April 30, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

1990 Amendments to the Clean Air Act, Pub. L. No. 101-549
(November 15, 1990) § 707(f); 104 Stat 2574 (1990) . . . . . . . . . . . . . . . . . . . 6, 9

1990 U.S.C.C.A.N. 3385 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Clean Air Act Amendments, S. 1630, 101st Cong. 1st Sess. (1989) . . . . . . . . . . . 6, 8, 9

Daniel P. Selmi, Jurisdiction to Review Agency Inaction Under
Federal Environmental Law, Ind. L.J. 65 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . 9

H.R. Rep. No. 494, 101st Cong., 2nd Sess. 1990 (May 23, 1990) . . . . . . . . . . . . . . 9

H.R. Rep. No. 952, 101st Cong., 2nd Sess. 1990 (October 26, 1990) . . . . . . . . . . . . 9

Senate Report No. 101-228 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Petitioner State of California (California) hereby responds to the December 10, 2007, motion of Respondents United States Environmental Protection Agency and Stephen L. Johnson (collectively USEPA) to dismiss or, alternatively, to abate California's petition to compel USEPA's action on California's request for a waiver under 42 U.S.C. § 7543(b).

## I.    Introduction

USEPA filed its motion to dismiss prior to the USEPA Administrator informing the Governor of California, late on December 19, 2007, that the Administrator had made his "decision with respect to the request for a waiver of Federal preemption" that is the subject of California's instant petition.  (Request for Judicial Notice filed herewith, Exhibit A.)  The Administrator set forth various reasons for his decision in the letter and then concluded by stating that he had "decided that EPA will be denying the waiver" and that he had instructed his staff to prepare documents that would explain his rationale "for this denial" in further detail.

Less than 24 hours later, the USEPA stated through its counsel that this case for unreasonable delay is not moot and the agency's position is that it has not taken any final action on California's waiver request.  USEPA has no date for when it will make a decision that it considers to be final action.  USEPA is not withdrawing its motion to dismiss, necessitating the filing of California's opposition.

The unsettled jurisdictional question presented in USEPA's motion to dismiss is relatively narrow. The USEPA contends that the 1990 amendments to the Clean Air Act effectively overruled this Court's decision in *Sierra Club v. Thomas*, 828 F.2d 783 (D.C. Cir. 1987) (hereafter "*Thomas*") and barred this Court's jurisdiction over California's claim for unreasonable delay. However, the USEPA failed to show that the 1990 amendments shifted jurisdiction of this case to the District Court. The question remains unsettled and deserves judicial resolution.

## II.     Summary of California's Greenhouse Gas Regulation and Request for Waiver

California's petition seeks final USEPA action on its application for waiver of federal preemption of its Regulation to Control Greenhouse Gas Emissions from New Motor Vehicles (GHG Regulation) under section 209(b) of the Clean Air Act (42 U.S.C. § 7543(b). This regulation is an essential part of California's broader effort to reduce the accelerating emissions of climate-changing, greenhouse gases into the atmosphere. California is in particular peril from the changing climate in the form of rising temperatures and sea level, smaller snowpacks, increasing drought and wildfires, more extreme storms and heatwaves, reduced air quality, and greater harm to the public health and welfare. California's GHG Regulation directly addresses this peril by requiring reductions in fleet-average, greenhouse gases from most new passenger motor vehicles

sold in California beginning with the 2009 model-year. Cal. Code Regs., tit. 13, § 1961.1(a).

California requested the waiver of federal preemption under the Clean Air Act on December 21, 2005. The USEPA held public hearings on May 22 and 30, 2007. 72 F.R. 21260 - 21261 (April 30, 2007). The public comment period expired on June 15, 2007. *Id.* Following the close of the comment period, the USEPA Administrator committed to making a decision on California's waiver application by the end of December 2007.[1] Notwithstanding the USEPA's public promises, the agency was unwilling to agree to an enforceable court order that final action would be taken by the end of the year. Despite the December 19, 2007, letter, the USEPA's position is that this case is not moot and the agency no longer has any date for final action.

The USEPA's position places the GHG Regulation in jeopardy, and the December 19, 2007, letter, coupled with USEDA's statement the following day is apparently designed to place this matter in limbo. However, during the 2008 calendar year, the 2009 model-year vehicles subject to the GHG Regulation will be offered for sale. Declaration of Duc Nguyen, filed December 10, 2007, in support of California's Motion to Expedite Consideration of Its Petition, p. 3, ¶ 4. These vehicles will require certification under the implementing provisions of the GHG Regulation. Cal. Health & Safety Code § 43153; Cal. Code Regs., tit. 13 § 1961.1(c). USEPA's current position that there is no

---

[1] The Administrator's commitment is described in more detail in California's pending motion to expedite its petition, filed on December 10, 2007, at pages 1-2.

meaningful decision effectively paralyzes California's efforts to implement this regulation and prevents it from knowing whether it must develop substitute measures for reducing greenhouse gas emissions from new motor vehicles. Cal. Health & Safety Code § 38590. It similarly jeopardizes the actions of the 15 other states that have moved to intervene in support of California in order to protect their own efforts to curb the greenhouse gases of the new vehicles that will be sold in their states.[2]

## III.     Jurisdictional Basis of California's Petition

The jurisdictional basis of California's petition is 42 U.S.C. § 7607(b)(1), as construed by this Court in *Thomas.* There, the Court ruled that its "final agency action" jurisdiction under 42 U.S.C. § 7607(b)(1) implicitly includes jurisdiction to "review agency inaction that is alleged to work an 'unreasonable delay' of final action." *Thomas*, 828 F.2d at 793 -794. As USEPA indicates in its motion to dismiss, the District Court would have jurisdiction under *Thomas* if the statute commanding USEPA action included a mandatory deadline and, conversely, would lack jurisdiction if there were no "fixed date for the EPA to act." Respondents' motion at p. 4; *Thomas,* 828 F.2d at 795, fn. 78. In this case, the USEPA has a mandatory duty to act, but the statute does not include an express deadline. 42 U.S.C. § 7543(b). Accordingly, under *Thomas*, the USEPA's duty is "discretionary" and jurisdiction lies with this Court, rather than the District Court.

---

[2]The pending motions for intervention are unopposed.

STATE OF CALIFORNIA'S OPPOSITION TO
RESPONDENTS' MOTION TO DISMISS                              4

The 1990 amendments to the Clean Air Act added language to 42 U.S.C. § 7604 and here the USEPA asserts that jurisdiction over cases for unreasonable delay has shifted from the circuit courts to the district courts, whether the underlying statute includes a fixed date for agency action or not.  Consistent with the USEPA's assertion, and in light of this unresolved jurisdictional issue, California filed a complaint for unreasonable delay in the District Court for the District of Columbia, Case No.  1:07-CV-02024, seeking the same relief requested here.

## IV.    This Court Has Not Yet Resolved Whether the 1990 Amendments Overruled *Thomas*

The USEPA relies on the following 1990 amendment to 42 U.S.C. § 7604 as vesting jurisdiction of this case in the District Court, and thus, ousting this Court of jurisdiction:

> The district courts of the United States shall have jurisdiction to compel (consistent with paragraph (2) of this subsection) agency action unreasonably delayed, except that an action to compel agency action referred to in section 307(b) which is unreasonably delayed may only be filed in a United States District Court within the circuit in which such action would be reviewable under section 307(b). In any such action for unreasonable delay, notice to the entities referred to in subsection (b)(1)(A) shall be provided 180 days before commencing such action.

1990 Amendments to the Clean Air Act, Pub.  L.  No. 101-549, (November 15, 1990) § 707(f); 104 Stat 2574, 2683 (1990).

The referenced paragraph (2) allows a person to commence a lawsuit in the

District Court

> against the Administrator where there is alleged a failure of
> the Administrator to perform any act or duty under this
> chapter which is not discretionary with the Administrator, . . .

42 U.S.C. § 7604(a)(2).

In tandem, these two provisions mean that the District Court's jurisdiction is

limited to cases for unreasonable delay where the USEPA failed to perform a non-

discretionary act.  (*See Sierra Club v. Leavitt*, 355 F.Supp.2d 544, 549 (D.C. Dist. 2005)

("a person may only bring an action in [the District] Court to compel the Administrator to

perform a duty that is 'not discretionary.'") Accordingly, the fundamental premise of

USEPA's argument, that this Court's jurisdiction over discretionary agency acts was

shifted to the District Court, fails.  *See Thomas,* 828 F.2d at 793 (circuit court has

jurisdiction to review "agency inaction" in order to provide "effective review of final

action.")

The answer to the jurisdictional question posed by the USEPA must, instead, turn

on the meaning of  "not discretionary."  At first blush, a non-discretionary act appears to

be one that the USEPA must perform, regardless of when.  However, this Court has

construed a non-discretionary duty for jurisdictional purposes as one that must be

performed by a date certain:

> Where Congress has established no date-certain
> deadline-explicitly or implicitly-but EPA must nevertheless

> avoid unreasonable delay, it does not follow that EPA is, for
> the purposes of section 304(a)(2) under a nondiscretionary
> duty to avoid unreasonable delay. Instead, this type of duty is
> discretionary and, pursuant to *TRAC,* this court reviews
> claims alleging unreasonable delays of this type in order that
> we may protect our eventual jurisdiction under section 307 to
> review the final EPA action.[3]

*Thomas*, 828 F.2d at 792; *see also State of Maine v Thomas*, 874 F.2d 883, 888 (1st Cir.

1989) (district court lacked jurisdiction under Clean Air Act where statute lacked a non-

discretionary deadline.)

In this case, the USEPA's duty to act on California's waiver application is, itself,

mandatory, but the statute confers no fixed date for performance.  Given the above

definition of "non-discretionary," the duty is "discretionary" and jurisdiction of this case

would lie with this Court.  *Thomas*, 828 F.2d at 792 ("when no deadline can be

readily-ascertainable from the statute, but is merely inferred from the overall statutory

scheme, a claim alleging unreasonable delay under the Clean Air Act should come to this

court under section 307 of the Act and the jurisdictional rule announced in TRAC.")

---

[3]"*TRAC*" refers to *Telecommunications Research & Action Center v.  FCC*, 750
F.2d 70 (D.C. Cir.  1984).

**V.     Senate Report No. 101-228 Is Irrelevant to This Jurisdictional Question**

The USEPA mistakenly relies on Senate Report No. 101-228 to support its

broader construction of 42 U.S.C. § 7604(a).   S. Rep. No. 101-228, at 398 (1989)

reprinted in 1990 U.S.C.C.A.N. 3385, 3757.   This report was written in support of

Senate Bill 1630, which would have placed jurisdiction of this case in the District Court

by deleting bracketed item 2 below and substituting the item 2 that follows:

> SEC. 304. (a) Except as provided in subsection (b), any
> person may commence a civil action on his own behalf–
>
> (1) . . .
>
> [(2) against the Administrator where there is alleged a
> failure of the Administrator to perform any act or duty under
> this Act which is not discretionary with the Administrator, or]
>
> (2) against the Administrator where there is alleged a
> failure to act that violates one or more of the standards set
> forth in section 307(d)(9), or constitutes unreasonable delay,
> provided however that a failure to act does not include a
> written decision not to take action which the Administrator
> designates, within such decision, as a final action within the
> meaning of section 307(b)(1); or
> .   .   .

Clean Air Act Amendments of 1989, S. 1630, 101st Cong., 1st Sess. §609 (1989).

However, the House proposed its own amendments to 42 U.S.C. § 7604(a) in House Bill

3030:

> (f) UNREASONABLE DELAY.--Section 304(a) is amended
> by adding the following at the end thereof: "The district
> courts of the United States shall have jurisdiction to compel
> (consistent with paragraph (2) of this subsection) agency

> action unreasonably delayed, except that an action to compel
> agency action referred to in section 307(b) which is
> unreasonably delayed may only be filed in a United States
> District Court within the circuit in which such action would
> be reviewable under section 307(b). In any such action for
> unreasonable delay, notice to the entities referred to in
> subsection (b)(1)(A) shall be provided 180 days before
> commencing such action.

Calendar No. 113, H.R. Rep. No. 494, 101st Cong., 2nd Sess. 1990 (May 23, 1990);

1990 Amendments Legislative History, p. 3019; A&P H.R. Rep. 101-494 (2), p. 15.

The competing Senate and House bills were presented to a joint conference

committee. The bill that emerged contained the House language rather than the Senate

language. H.R. Rep. No. 952, 101st Cong., 2nd Sess. 1990 (October 26, 1990). This

House language is the version that was finally adopted. 1990 Amendments to the Clean

Air Act, Pub. L. No. 101-549, (November 15, 1990) § 707(f); 104 Stat 2574, 2683

(1990). Accordingly, the Senate Report does not support USEPA's construction of the

1990 amendments. *Stewart v. Ragland*, 934 F.2d 1033, 1037 n. 6 (9th Cir. 1991)

("When legislators delete language, we may assume that they intended to eliminate the

effect of previous wording.")[4]

---

[4] The USEPA's reliance on Daniel P. Selmi, "Jurisdiction to Review Agency
Inaction Under Federal Environmental Law," Ind. L.J. 65, 3 (1996) is similarly
misplaced. The author concluded that "Congress . . . refused to authorize any review in
the district court of agency inaction on the basis that such inaction was an abuse of
discretion as opposed to a violation of a plain statutory command." *Id*. at 126.

## VI.     An Alternative Definition of "Not Discretionary" Under Section 7604

To the extent a basis for District Court jurisdiction exists, it would require that a non-discretionary duty be defined as including mandatory duties that do not have set deadlines as well as those that do. With this definition, an action for non-performance of a non-discretionary duty would exist for failing to meet a set deadline, and an action for unreasonable delay in the performance of a mandatory act would exist where no deadline is set.

Support for this interpretation can be found in the provision of the 1990 amendments requiring that the USEPA receive180-days notice before an action for unreasonable delay is commenced.  42 U.S.C. § 7604(a).  Six months' notice to the USEPA makes sense if the time for performance was not already set, but it would not make sense if a deadline for compliance already existed.  In the latter circumstance, the deadline is set by statute and no time needs to be spent resolving what a reasonable amount of time should be to render a decision.  The fact that 42 U.S.C. § 7604(b)(2) imposes a 60-days notice period before the USEPA can be sued for non-performance of a non-discretionary duty further indicates that the 180-day notice period applies only to those non-discretionary acts that have no statutory deadline.

However, while this interpretation might be plausible, it is far from conclusive. The 180-notice provision is directed at persons subject to notice under 42 U.S.C. § 7604(b)(1)(A).  The latter provision concerns actions brought under  42 U.S.C. §

7604(a)(1).  Those are actions concerning the violation of emission standards and this petition, by contrast, concerns the waiver of preemption for a California regulation. Accordingly, proper jurisdiction in this case is still not clear and it deserves a judicial determination.

## VII.    Any Abeyance Should Apply to the District Court

California filed an action in both the District and Circuit Courts due to the unresolved uncertainty in the bifurcated jurisdictional scheme of 42 U.S.C. §§ 7604 and 7607.  *See, e.g., Utah Power & Light Co. v. EPA*, 553 F.2d 215, 217 (D.C.Cir.1977) (generally observing jurisdictional provisions can be source of confusion)*; State of Maine v. Thomas, supra*, 874 F.2d at 884-885 (referring to "parties wandering perplexedly from forum to forum in search of remediation").  In the event this Court determines that jurisdiction lies in this Court, California will either dismiss its complaint in the District Court or stipulate to an abatement of those District Court proceedings pending the outcome of these appellate proceedings.

## VIII.   CONCLUSION

Not withstanding Administrator Johnson's December 19, 2007, letter USEPA's position is that there is no final decision and this case is not moot.  While the question of jurisdiction is unsettled, the USEPA has failed to present an adequate basis for concluding that jurisdiction over this unreasonable delay case has been shifted to the District Court.  The 1990 Amendments to the Clean Air Act expressly allow a civil action

STATE OF CALIFORNIA'S OPPOSITION TO
RESPONDENTS' MOTION TO DISMISS                11

for unreasonable delay, but it must be consistent with 42 U.S.C. § 7604(a), which

restricts district court actions to those for the non-performance of non-discretionary acts.

To the extent a non-discretionary act continues to require a statutory deadline for

performance, California's action for unreasonable delay in the granting of a waiver under

42 U.S.C. § 7543(b) remains with this Court.

DATED: December 20, 2007

Respectfully Submitted,
EDMUND G. BROWN Jr., Attorney
General of the State of California
MARY E. HACKENBRACHT, Senior
Assistant Attorney General
ELLEN M. PETER,
Supervising Deputy Attorney General

JAN ZABRISKIE
Deputy Attorney General,
Attorneys for Petitioner State of California by
and through Arnold Schwarzenegger, Governor
of the State of California, and the California Air
Resources Board

# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

―――――

**No. 07-1457**                                          **September Term, 2007**

**Filed On: January 3, 2008** [1089982]

State of California, by and through Arnold
Schwarzenegger, Governor of the State of California
and California Air Resources Board,
              Petitioners

     v.

Environmental Protection Agency,
              Respondent

―――――――――――――――――――――――――――

Commonwealth of Massachusetts, et al.,
              Intervenors

―――――――――――――――――――――――――――

Consolidated with 07-1462


**BEFORE**:    Sentelle, Brown, and Griffith, Circuit Judges

## O R D E R

Upon consideration of the motion to expedite, the opposition and response
thereto, and the reply; the motion to dismiss or hold in abeyance, the oppositions
thereto, and the reply; and the requests for judicial notice, it is

**ORDERED** that the requests for judicial notice be granted.  It is

**FURTHER ORDERED** that the motion to expedite be denied.  Petitioners have
not satisfied the stringent standards required for such relief.  See D.C. Circuit Handbook
of Practice and Internal Procedures 33 (2007).  It is

**FURTHER ORDERED** that the motion to hold in abeyance be denied.  It is

**FURTHER ORDERED** that the motion to dismiss be referred to the merits panel
to which this petition for review is assigned.  The parties are directed to address in their
briefs the issues presented in the motion to dismiss rather than incorporate those
arguments by reference.  It is

**FURTHER ORDERED** that the following briefing schedule will apply in these

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 07-1457**                                        **September Term, 2007**

consolidated cases:

| | |
|---|---|
| Brief(s) for Petitioners (not to exceed a total of 14,000 words) | January 15, 2008 |
| Appendix | January 15, 2008 |
| Brief(s) for Intervenors (not to exceed a total of 8,750 words) | January 30, 2008 |
| Brief for Respondent (not to exceed 14,000 words) | February 14, 2008 |
| Reply brief(s) for Petitioners (not to exceed a total of 7,000 words) | February 28, 2008 |
| Reply brief(s) for Intervenors (not to exceed a total of 4,375 words) | February 28, 2008 |

Petitioners and intervenors may determine whether to file joint or individual briefs, and the relative lengths of those briefs, so long as the total number of words does not exceed the limits indicated.

The parties will be notified by separate order of the date of oral argument and composition of the merits panel.  The court reminds the parties that

In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . .  When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

See D.C. Cir. Rule 28(a)(7).

Parties are strongly encouraged to hand deliver their briefs to the Clerk's office on the date due.  Filing by mail may delay the processing of the brief.  Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail.  See Fed. R. App. P. 25(a).  All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover.  See D.C. Cir. Rule 28(a)(8).

# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 07-1457**                              **September Term, 2007**


The Clerk is directed to calendar this case for oral argument on the first appropriate date following the completion of briefing.

**Per Curiam**

Westlaw.

Not Reported in F.Supp.                                                                                          Page 1
Not Reported in F.Supp., 1992 WL 345629 (D.D.C.)
**(Cite as: Not Reported in F.Supp.)**

**H**

National Family Planning and Reproductive Health Ass'n v. Sullivan
D.D.C.,1992.
Only the Westlaw citation is currently available.
United States District Court, District of Columbia.
NATIONAL FAMILY PLANNING AND REPRODUCTIVE HEALTH ASS'N, et al.,
Plaintiffs,
v.
Louis SULLIVAN, M.D., Defendant.
**Civ. A. No. 92-2177 (CRR).**

Oct. 5, 1992.

*MEMORANDUM OPINION AND ORDER*

CHARLES R. RICHEY, District Judge.

### INTRODUCTION

**\*1** This case was filed in this Court on September 23, 1992, and on September 30, 1992, the Court, at the request of the parties, heard oral argument on the Plaintiffs' application for a Temporary Restraining Order based on the aforementioned Complaint, dated September 23, 1992. The Defendants filed at the very outset of the hearing a long brief setting forth their position which the Court could not read until after the oral argument of the parties. Since then, this Court was required to conduct a trial and numerous other proceedings in other cases which prevented, until today, any ruling on either the Temporary Restraining Order or any other aspect of this case. The Court has now read the papers, and is advised that Plaintiffs filed under date of September 25, 1992, a further Motion in the United States Court of Appeals for this Circuit to remove its Stay of July 30, 1992, lifting this Court's May 28, 1992, Injunction in a related case involving essentially the same subject matter. No action, to this Court's knowledge, has been taken by the Court of Appeals on the aforementioned Motion.

### BACKGROUND

The history of this case is important to understanding the Court's ruling today. Under Title X of the Public Health Services Act, 42 U.S.C. § 300 (1991), the Defendant Department of Health and Human Services makes grants to public agencies and non-profit organizations to enable those groups to provide family planning services. In 1988, the Defendant promulgated regulations prohibiting the use of Title X funding for abortion counselling. The Defendant argues that, while Title X recipients can receive abortion counselling from licensed physicians, skilled nurse practitioners may not do this. See this Court's Order of May 28, 1992, in *National Family Planning and Reproductive Health Ass'n v. Sullivan,* Civ. No. 91-935 (D.D.C. May 28, 1992). In order to receive funding, Title X recipients must provide assurances to the Defendant that they are in compliance with these regulations. 42 C.F.R. § 59.7 (1991).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp., 1992 WL 345629 (D.D.C.)
**(Cite as: Not Reported in F.Supp.)**

The Supreme Court upheld the facial validity of these regulations in *Rust v. Sullivan,* 111 S.Ct. 1759 (1991). Following *Rust,* on November 5, 1991, President George Bush issued a legislative directive to the Secretary of Health and Human Services modifying certain provisions of the regulations. On March 20, 1992, Dr. William R. Archer, III, the person to whom enforcement of the modified regulations was delegated, issued a Memorandum providing details as to the modified regulations.

The new regulations were then challenged in this Court. This Court held, on May 28, 1992, that the changes in the regulations were "clearly legislative rules and not merely 'interpretative' statements of the existing statute and regulations." Order, *National Family Planning and Reproductive Health Assoc. v. Sullivan,* Civ. No. 91-935 (D.D.C. May 28, 1992). Consequently, the Notice and Comment procedures of the Administrative Procedures Act, 5 U.S.C. § 553(b), should have been followed.

**\*2** This Court accordingly enjoined the Defendant from enforcing the 1991 directives until the Notice and Comment procedures were conducted. The Defendant sought a Stay in this Court, which was denied, and they then appealed this Court's decision to the United States Court of Appeals for the District of Columbia. The Court of Appeals stayed this Court's Injunction and set oral arguments for 9:30 a.m. on October 14, 1992.

Following the Court of Appeals' Stay of this Court's Injunction, Dr. Archer issued another Memorandum on August 24, 1992. The August 24th memorandum indicated that implementation of the modified regulations would commence on October 1, 1992. Dr. Archer directed all Title X recipients to provide assurances of program compliance.

On September 23, 1992, the Plaintiffs brought the instant case, claiming that the regulations, as applied, violated other regulations of the Department of Health and Human Services and would also inhibit Title X recipients from engaging in activities protected by the First Amendment of the United States Constitution. Plaintiffs seek a Temporary Restraining Order, or a Preliminary Injunction, preventing the Defendant from implementing the challenged regulations. On September 25, 1992, the Plaintiffs filed a Motion in the United States Court of Appeals for the District of Columbia seeking the same relief in conjunction with a case involving the same subject matter as the case pending here.

As indicated, this Court heard oral argument on September 30, 1992. For the reasons set forth below, this Court declines to exercise its jurisdiction over the instant case until the Court of Appeals either rules on the Plaintiffs' Motion for relief from its Stay Order dated July 30, 1992, or the merits of the previous case.

DISCUSSION

I. THE WISE EXERCISE OF JUDGMENT AND DISCRETION COUNSEL AGAINST THE EXERCISE OF JURISDICTION BY THIS COURT UNTIL THE CONCLUSION OF THE PROCEEDINGS IN THE COURT OF APPEALS IN THIS CASE OF EXTRAORDINARY PUBLIC MOMENT.

Although federal courts generally have the obligation to decide cases over which they

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

have proper jurisdiction, *Colorado River Water Conser. Dist. v. US.,* 96 S.Ct. 1236, 1246 (1976), they are also under the concurrent obligation to avoid duplicative litigation. *Id.; Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.,* 342 U.S. 180, 183 (1952). This principle of judicial comity is derived from the policies favoring the conservation of judicial resources as well as providing for the comprehensive disposition of litigation before the federal courts. *Kerotest Mfg. Co.* at 183; *Landis v. North American Co.,* 299 U.S. 248, 254-55 (1936). Without such a principle, two or more federal courts could be put in the position of simultaneously deciding the same issue, between the same parties, with opposite results. Not only would this be a waste of judicial resources, but would also put the parties, and the Court, in an untenable position with no authoritative disposition of the case.

**\*3** Such is the situation in the case at bar. The Plaintiffs in the instant case are also the Appellees in the case before the Court of Appeals. Likewise, the Defendant in this case, the Department of Health and Human Services, is the Appellant in the case pending before the Court of Appeals. The relief sought here, an Injunction, is also sought from the Court of Appeals.

The correctness of this Court's conclusion today, to not rule immediately, is not new, and the very same situation confronted the Supreme Court of the United States in 1936 in the case of *Landis v. North American Co.,* 299 U.S. 248 (1936), where Justice Cardozo, in relevant part, said:

[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.... Especially in cases of extraordinary public moment, the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted. *Id.* at 254-56.

Therefore, for the foregoing reasons, this Court declines to exercise its jurisdiction at this time and until the Court of Appeals either rules on the Plaintiffs' Motion, or decides the merits of the case on appeal.


II. IN RECOGNITION OF ITS DUTY TO DECIDE CASES WITHIN ITS JURISDICTION, THIS COURT WILL DECIDE AND ACT ON THE ISSUES IN THIS SECOND PROCEEDING ON AN EXPEDITED BASIS UPON THE CONCLUSION OF THE PROCEEDINGS IN THE COURT OF APPEALS ON THE REMOVAL OF THE STAY OR THE MERITS, IN ACCORDANCE WITH ITS DIRECTIVES.

This Court is well aware of its responsibility to decide cases which are properly brought before it and which fall within its jurisdiction. In declining to act at this time, this Court is not abdicating its judicial obligation, but merely abstaining temporarily. When the Court of Appeals decides the issues pending before it, this Court will again promptly examine the case at bar to the extent permitted by the appellate decision. If there are, at that time, outstanding issues, this Court will proceed to rule.


III. THE COURT OF APPEALS NOW HAS PLENARY JURISDICTION OVER THE REGULATIONS AT ISSUE AND ITS JURISDICTION SHOULD NOT BE INTERFERED WITH BY A LOWER FEDERAL COURT.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1992 WL 345629 (D.D.C.)
**(Cite as: Not Reported in F.Supp.)**

There is no question that the Court of Appeals, if it so desires, has the power to decide the issues presented now before this Court. 28 U.S.C. § 1651 (1988). A decision by this Court regarding the constitutionality of the regulations could very well interfere with the Court of Appeals' consideration of the issue before it. Given the Court of Appeals' broad jurisdiction over the subject matter of the case at bar, this Court has no wish to unduly interfere with the appellate court's freedom to decide the matter on review.

CONCLUSION

The four thousand family planning clinics, and their officers and directors, are entitled to have promptly, at the earliest possible opportunity, a clear and unambiguous decision as to what they may or may not do on their premises, including but not limited to whether nurse practitioners can provide abortion counselling and whether the prohibition against this by the Defendant violates the First Amendment. This Court wants to make it clear that the aforementioned, the public, and the poor women throughout the United States which the grantee agencies serve, are not only entitled to access to the courts, but a prompt resolution of this dispute. Accordingly, as previously indicated, the interested parties are hereby advised that this Court is only postponing a decision temporarily, with the promise that it will act, if necessary and within its authority, immediately upon the exhaustion of all appellate proceedings.

ORDER

**\*4** Upon consideration of the Plaintiffs' Motion for a Temporary Restraining Order, it is by this Court, this 5 day of October, 1992;

ORDERED that, in accordance with this Court's Memorandum Opinion of even date herewith, the Plaintiffs' Motion for a Temporary Restraining Order shall be and hereby is held in abeyance pending the ruling of the Court of Appeals on the Plaintiffs' Motion to Stay Order, or the merits, whichever is sooner; and it is

FURTHER ORDERED that the Plaintiffs shall respond, in writing, to the Defendant's Brief regarding res judicata, and issue and/or claim preclusion by 4 p.m. on Friday, October 9, 1992, and deliver a copy thereof by hand to the attorneys for the Defendants, with a courtesy copy to Chambers by hand delivery.

D.D.C.,1992.
National Family Planning and Reproductive Health Ass'n v. Sullivan
Not Reported in F.Supp., 1992 WL 345629 (D.D.C.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.                                                                 Page 1
Not Reported in F.Supp., 1993 WL 439831 (D.D.C.)
**(Cite as: Not Reported in F.Supp.)**

H

Inverworld, Ltd. v. U.S.
D.D.C.,1993.
Only the Westlaw citation is currently available.
United States District Court, District of Columbia.
INVERWORLD, LTD., Plaintiff,
v.
UNITED STATES of America, Defendant.
**Civ. A. No. 93-0544-LFO.**

Oct. 21, 1993.

*MEMORANDUM AND ORDER*

OBERDORFER, District Judge.
    **\*1** Plaintiff Inverworld, Ltd. seeks to recover penalties that the Internal Revenue Service charged it for an allegedly improper failure to file certain withholding forms for the 1989 calendar year. Defendant has moved to stay the case. For the reasons set forth below, defendant's motion will be granted.

    Inverworld is a Cayman Islands financial services corporation that represents foreign investors. Inverworld invests some of its funds in certificates of deposit in U.S. banks. The IRS claims that for its tax year 1989 Inverworld was required to file for each of its clients a form 1042S, which reports amounts of taxes paid on certain U.S. income by a "withholding agent," an entity charged with withholding income tax at the income's source. The IRS assessed penalties under two different provisions of the Code: section 6721, which requires withholding agents to file form 1042S with the IRS; and section 6722, which requires withholding agents to furnish the form to their clients. For these violations, the IRS assessed $3.8 million in penalties. It collected the assessment by offsetting refunds due Inverworld on account of other tax years.

    Defendant has moved to stay all proceedings here pending the resolution of two petitions plaintiff has filed for redetermination pending in the Tax Court, both titled *Inverworld, Ltd. v. Commissioner,* Nos. 27090-90 and 3443-93. Those petitions present the issue whether plaintiff is a "withholding agent" within the meaning of 26 U.S.C. § 1441. Because plaintiff filed its Tax Court petitions before it filed its complaint here, defendant contends that this matter should be stayed pending the Tax Court's decisions in the interest of the economy of judicial and lawyer time and resources and to prevent inconsistent results. Also pending in this matter are defendant's motion to dismiss two paragraphs of the complaint and plaintiff's motion for summary judgment, to which defendant has replied with a motion for an enlargement of time within which to reply. Argument was heard on these motions on October 13, 1993.

    The most appropriate course of action at this time is to grant defendant's motion for a stay. None of plaintiff's arguments in opposition to a stay are persuasive. First, plaintiff notes that this case involves only the 1989 tax year, while the Tax Court petitions involve several tax

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1993 WL 439831 (D.D.C.)
**(Cite as: Not Reported in F.Supp.)**

years. But 1989 is one of the years included in petition No. 3443-93. Second, plaintiff contends that the Tax Court petitions involve different legal issues than those involved in the instant case. While the two sets of issues certainly differ in many respects, and this case could conceivably turn on issues other than plaintiff's status as a withholding agent, plaintiff has failed to rebut defendant's central contention that the withholding agent issue is an important threshold inquiry, if logically prior to the question of plaintiff's allegedly intentional disregard for the law. Finally, plaintiff argues that a stay would prejudice it because defendant retains the $3.8 million in penalties that plaintiff seeks to regain through this lawsuit. However, whether plaintiff is entitled to refund of those penalties bears in the first instance on whether plaintiff is a withholding agent, the issue now before the Tax Court.

**\*2** This determination is consistent with the law of this circuit. In *Hoai v. Sun Refining and Marketing Co., 866 F.2d 1515 (D.C.Cir.1989),* the Court of Appeals reversed the District Court's grant of a stay where related concurrent proceedings were pending in the Superior Court for the District of Columbia. That case, however, hinged completely on the distribution of responsibility between federal and state courts, the Court of Appeals being concerned that the stay would effectively deprive plaintiff of his federal forum. *Id.* at 1520. This case, in which plaintiff chose to litigate its status as a withholding agent in the Tax Court, an alternative federal forum, does not present those issues. Moreover, the federal suit in *Hoai* was prior in time to the Superior Court action, whereas the Tax Court petitions here are prior in time to this suit. Most important, failure to stay this action would present the danger of directly conflicting decisions by federal courts, a danger not present in *Hoai.*

Accordingly, it is this 21st day of October, 1993, hereby

ORDERED: that, unless otherwise ordered, all proceedings in this matter are hereby STAYED pending decisions by the Tax Court in its cases numbered 27090-90 and 3443-93; and it is further

ORDERED: that the parties shall promptly notify the Court of any developments in the above-referenced Tax Court matters that might affect this stay.

D.D.C.,1993.
Inverworld, Ltd. v. U.S.
Not Reported in F.Supp., 1993 WL 439831 (D.D.C.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.