1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  MARY E. HACKENBRACHT
   Senior Assistant Attorney General
3  ELLEN M. PETER
   Supervising Deputy Attorney General
4  MARK POOLE
   Deputy Attorney General
5  JAN ZABRISKIE
   Deputy Attorney General
6   1300 I Street, Suite 125
    P.O. Box 944255
7   Sacramento, CA 94244-2550
    Telephone: (916) 322-5181
8   Fax: (916) 327-2319
    Email: jan.zabriskie@doj.ca.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STATE OF CALIFORNIA, by and through ARNOLD SCHWARZENEGGER, GOVERNOR OF THE STATE OF CALIFORNIA, and the CALIFORNIA AIR RESOURCES BOARD,**<br>Plaintiff,<br>**COMMONWEALTH OF MASSACHUSETTS, et al.**,<br>Intervenor Plaintiffs,<br>**WASHINGTON ENVIRONMENTAL COUNCIL, et al.**,<br>Intervenor Plaintiffs,<br>**STATE OF DELAWARE**<br>Intervenor Plaintiff,<br>and<br>**NATURAL RESOURCES DEFENSE COUNCIL, et al.**,<br>Intervenor Plaintiffs,<br>v.<br>**THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, and STEPHEN L. JOHNSON, Administrator,**<br>Defendant. | 1:07-CV-02024-RCL<br><br>**PARTIES' REPORT ON DISCOVERY PLAN AND STATEMENT RE POSITIONS AND AGREEMENTS UNDER LOCAL RULE 16.3(d)** |

**Parties Report and Discovery Plan**
**Local Rule 16.3(d)**            1

1 **California's Introductory Statement** - California and plaintiff-intervenors (hereinafter
2 collectively "California") seek to compel the United States Environmental Protection Agency to
3 make a decision on a 2005 request for waiver of federal preemption of California's Regulation to
4 Control Greenhouse Gas Emissions from Motor Vehicles (GHG Regulation), under section 209(b)
5 of the Clean Air Act (42 U.S.C. § 7543(b)).  Beginning with his June 21, 2007, letter to California's
6 Governor Arnold Schwarzenegger, in which he promised a "final determination . . . by the end of
7 this year,"  the Administrator repeatedly said that he would be "issuing a decision" by the end of
8 2007.

9 On December 19, 2007, the Administrator sent California's Governor a letter, this time stating
10 he had made a decision to deny California's request. However, two days later, the Administrator
11 claimed his decision was not a final decision for purposes of judicial review and would not be a
12 judicially reviewable decision until detailed documents supporting his decision were signed and
13 issued in the Federal Register.[1/]  This has not occurred. In subsequent communications with
14 California, EPA declined to specify any date for issuing these documents. On January 24, 2008, the
15 Administrator told Congress that he "expects" to issue the documentation by the end of February.
16 Because of the Administrator's failure to deliver on his earlier representation that he would issue
17 a "final determination" by the end of 2007, California cannot reasonably rely on the Administrator's
18 current representation that the documents will be issued by the end of February.

19 California believes the EPA must be compelled to issue the "detailed documents" as quickly
20 as possible, due to the unreasonableness of the delay, the extraordinary harm caused by climate
21 change, and the interference with California's timely implementation of its greenhouse gas
22 regulation.  California also believes the unreasonableness of EPA's delay can be decided on a
23 motion for summary judgment and that such a motion should be briefed as quickly as possible.
24 EPA, on the other hand, seeks a briefing schedule that extends beyond the time provided in the local
25 rules.

26 _____

27    1. California contends the EPA Administrator's December 19, 2007, decision is final for
28 purposes of appeal and has filed a petition challenging the decision in the United States Court of
Appeals for the Ninth Circuit, *State of California et al v. EPA*, Case No. 08-70011.

**Parties Report and Discovery Plan**
**Local Rule 16.3(d)**                                         2

1  The state has offered, alternatively, to settle the case with a stipulation lodged with the Court
2  for issuance of an order setting a deadline for publication of the decision documents in the Federal
3  Register. EPA has not yet provided a substantive response. In sum, the parties have not reached
4  agreement on a settlement and have not agreed on a briefing schedule for cross-motions for
5  summary judgment. Accordingly, California requests that this Court set a scheduling conference
6  as soon as possible to resolve the scheduling matters and facilitate accelerated resolution of this case.

7  EPA has taken the position that this Court should hold the case in abeyance while briefing goes
8  ahead in the Circuit Court. However, EPA also contends that the District Court is the proper forum
9  for this dispute.[2] In light of the EPA's position, California submits that it is proper to proceed with
10 this action now.

11 **EPA's Introductory Statement** - As described in the motion to hold case in abeyance filed
12 January 25, EPA believes that this case should be held in abeyance pending resolution of plaintiff's
13 case in the District of Columbia Circuit (California v. EPA, No. 07-1457) raising claims identical
14 to those raised by plaintiff in this case. Among the issues specifically being addressed by the Court
15 of Appeals is the question of whether that court or this one has jurisdiction over California's claim.
16 Allowing the same claims to proceed in two courts at the same time wastes judicial resources and
17 raises the risk of inconsistent decisions. The case in the Court of Appeals is proceeding with a
18 briefing schedule established. Thus, this case should be held in abeyance pending a final decision
19 in that case. EPA opposes the proposed scheduling order submitted by plaintiffs and believes that
20 no scheduling order should be entered in this case until, at the earliest, the Court rules on EPA's
21 pending motion to hold the case in abeyance.

22                    **PROPOSED DISCOVERY PLAN**

23 Pursuant to Local Rule 16.3(d) and this Court's January 7, 2008, order, a conference was
24 held on Tuesday, January 22, 2008, at 1:30 p.m. eastern standard time. The conference was

---

2. Because of the unsettled jurisdictional question, California filed a parallel action for the same relief in the United States Court of Appeals for the District of Columbia, *State of California v. EPA et al.,* Case No. 07-1457.

**Parties Report and Discovery Plan**
**Local Rule 16.3(d)**                                    3

1  attended by:

2      Jan Zabriskie and Mark Poole  for plaintiff State of California, Yueh-Ru Chu and Fred
3  Augenstern for intervenor plaintiffs Commonwealth of Massachusetts et al., Dan Galpern and
4  David Bahr for intervenor plaintiffs Washington Environmental Council, et al., David
5  Bookbinder, Benjamin Longstreth and Jim Tripp for intervenor plaintiffs Natural Resources
6  Defense Council, et al., and Norman L. Rave, Jr. and Michael Horowitz for defendants United
7  States Environmental Protection Agency and Stephen L. Johnson, Administrator.

8      **A**. **Initial Disclosure**: The parties agree to exchange initial disclosures pursuant to Rule
9  26(a)(1), Fed. R. Civ. by February 12, 2008.

10     **B**. **Discovery Subject Matter**.  California believes that discovery might be needed in the
11 event the parties cannot come to an agreement on stipulated facts for California's motion for
12 summary judgment.  EPA has said it is considering the proposed stipulated facts that California
13 sent it on January 25, 2008.  Without a stipulation, California might need to conduct discovery
14 on the "impropriety" of EPA's conduct, a factor, that, while not essential for an unreasonable
15 delay determination, can nevertheless be relevant in making that determination. *See Mashpee*
16 *Wampanoag Tribal Council, Inc., v. Norton*, 336 F.3d 1094, 1102 (D.C. Cir. 2003), citing
17 *Telecommunications Research & Action Center v. FCC,* 750 F.2d 70, 80  (D.C.Cir.1984); *cf*
18 *Cutler v. Hayes*, 818 F.2d 879, 898 (D.C. Cir. 1987) (bad faith delay is unreasonable delay).

19     EPA does not believe that any discovery in this case is appropriate.  First, as stated in
20 EPA's Motion to Hold the Case in Abeyance, this case should not proceed until the California's
21 case raising identical claims in the D.C. Circuit is resolved.  Second, EPA believes that if this
22 case goes forward, it can be resolved on motions for summary judgment and that no fact-finding
23 would be required.  EPA notes that plaintiff has filed its merits brief in its D.C. Circuit case
24 pursing the same relief and made no claim in that brief that fact-finding is necessary for
25 resolution of its claim.  Third, EPA disputes that the identified subjects for discovery are relevant
26 to California's claim

27 ///

28

**Parties Report and Discovery Plan**
**Local Rule 16.3(d)**                            4

1  **C**. **Electronically Stored Information**. The parties intend to reach an agreement on the
2  production of electronically stored information.

3  **D**. **Claims of Privilege**. California does not presently anticipate making privilege claims.
4  As stated above, EPA does not agree that any discovery is appropriate. However, if discovery is
5  ordered, EPA may assert any applicable privilege. The parties agree to the provisions for
6  claiming privilege under Federal Rules of Civil Procedure, Rule 26(b)(5).

7  **E. Changes in Discovery Limitations** As noted above, California intends to conduct
8  discovery only on the "impropriety" factor of delay and only if the parties cannot reach an
9  agreement on stipulated facts for California's summary judgment motion. That discovery would
10  also be limited, as follows:

11  All discovery to be completed by March 31, 2008. Service of discovery and responses is to
12  be effected by email in addition to any other form of service.

13  Maximum of 20 interrogatories by each side to the other side, to be served by February 15,
14  2008. Responses due 15 days after service.

15  Maximum of 20 requests for admission by each side to the other side, to be served by
16  February 15, 2008. Responses due 15 days after service.

17  Maximum of 10 depositions by each side. Deposition notices are to be served by February
18  15 and depositions are to be conducted by March 20, 2008. Each deposition limited to seven
19  hours except as extended by agreement confirmed in writing.

20  No experts are expected.

21  Discovery motion are to be filed no later than March 30, 2008.

22  As stated above, EPA does not agree that any discovery is appropriate in this case, nor does
23  EPA agree that California's proposed schedule would be appropriate if discovery were to go
24  forward. EPA has filed a motion to hold the case in abeyance, which should be decided before
25  determining what schedule, if any, is appropriate for discovery beyond the initial disclosures that
26  EPA has agreed to provide.

27  ///

28

**Parties Report and Discovery Plan**
**Local Rule 16.3(d)**                                    5

**STATEMENT OF PARTIES POSITIONS PURSUANT TO LOCAL RULE 16.3(d)**

**(1) Dispositive Motions**

California and plaintiff-intervenors' Position: California believes the case can be resolved on its motion for summary judgment based on undisputed facts. However, California also believes that additional facts concerning the "impropriety" of EPA's conduct in postponing a decision may support an alternative theory for undue delay. As described above under "B. Discovery Subject Matter," California may conduct discovery on these matters while summary judgment motions are pending.

EPA's Position: The EPA believes that this case can be resolved on motions for summary judgment and that no fact-finding is required. EPA notes that plaintiff has filed its merits brief in its D.C. Circuit case pursuing the same relief and made no claim in that brief that fact-finding is necessary for resolution of its claim. As stated above, however, this case should not proceed until the D.C. Circuit determines which court properly has jurisdiction over the plaintiff's claims, and the case in the D.C. Circuit is resolved.

**(2) Joinder of Parties, Amendment of Pleadings, and Narrowing of Legal and Factual Issues**

The parties are not aware of any other entities who must be joined. The deadline for any amendment of the complaint is March 1, 2008. EPA is discussing with the plaintiff whether the issues can be narrowed. California believes the legal issue is the reasonableness of defendants' delay in issuing the detailed decision document that EPA contends is needed for a final, i.e., judicially reviewable, action on its denial of California's request for waiver of federal preemption under 42 U.S.C. § 7543(b). California believes that a decision on the merits of this case should be based on the following factors: the conduct of EPA in failing to issue the decision documents to date, including the complexity of the task at hand, the resources available to the agency, and the significance of the outcome. *See Mashpee Wampanoag Tribal Council, Inc., v. Norton*, 336 F.3d 1094, 1102 (D.C. Cir. 2003).

///

///

It is EPA's position that this report is to address procedure and scheduling, and that the parties should address the appropriate articulation of the legal issue and governing legal standard in their briefs on the merits.

**(3)　Magistrate Judge**

The parties do not consent to assignment of the case to a magistrate judge for any dispositive matters.

**(4)　Settlement Possibilities**

EPA's Position: EPA does not believe that a settlement is likely at this time. However, the EPA Administrator stated in testimony before the Senate Environment and Public Works Committee on January 24, 2008 that the Agency expects to take final action by the end of February, which would make this case moot.  Moreover, because entry of a consent order such as that California proposes below would require this Court to determine that it has jurisdiction over California's claims, such a settlement would be inappropriate at this time when the D.C. Circuit has before it the question of whether this Court or the D.C. Circuit has jurisdiction.

California and plaintiff-intervenors' Position: California believes that settlement in the form of a stipulation for an order or consent decree for a date-certain production of the documents supporting the EPA Administrator's decision and publication in the Federal Register should be possible.   Based on the Administrator's failure to abide by previous representations, California cannot rely on the Administrator's current statement that he "expects" to produce a detailed "decision document" by the end of February in the absence of a stipulation for a court order compelling that production.

**(5)　Alternative Dispute Resolution**

The parties do not believe that the case would benefit from the Court's alternative dispute resolution process.

**(6)　Resolution by Summary Disposition**

California and plaintiff-intervenors' Position:  California proposed stipulated facts for its summary judgment motion to EPA on January 25, 2008.  EPA has not yet responded.  California

**Parties Report and Discovery Plan**
**Local Rule 16.3(d)**　　　　　　　　　　　7

1  believes that the motion schedule contained in Local Rule 7 provides adequate time for EPA to
2  file its response. Since EPA intends to file its own motion for summary judgment, California
3  believes that all motions for summary disposition should be filed no later than February 8, 2008.
4      EPA's Position: While EPA believes that this case can be resolved through summary
5  judgment, EPA also believes that proceedings in the case should be stayed pending resolution of
6  the ongoing case addressing the same claims in the Court of Appeals. If the case does proceed to
7  summary judgment, EPA requests 30 days to file its own cross-motion and brief in response to
8  plaintiff's motion. This schedule is appropriate for EPA to adequately prepare a response and
9  for the necessary review at EPA and the Department of Justice, and will provide the Court with a
10 more focused presentation of each party's position than it would get from simultaneously filed
11 motions. California's assertion that it will be prejudiced by such a schedule is belied by the fact
12 that it could have filed its motion for summary judgment any time after November 25 and has
13 not yet done so.
14     **(7) Initial Disclosures**
15     The parties intend to comply with the initial disclosure requirements of Federal Rules of
16 Civil Procedure, Rule26(a)(1) by exchanging disclosures by February 12, 2008.
17     **(8) Discovery**
18     California and plaintiff-intervenors' Position: California believes that discovery might
19 become appropriate to determine the matters described above, on page 3, under "B. Discovery
20 Subject Matter."
21     EPA's Position: EPA does not believe that there any disputed issues of material fact and
22 thus believes that no discovery is warranted. EPA notes that plaintiff has filed its merits brief in
23 its D.C. Circuit case pursing the same relief and made no claim in that brief that fact-finding is
24 necessary for resolution of its claim. Moreover, even if discovery were appropriate, it should not
25 proceed until plaintiff's case in the D.C. Circuit is resolved.
26     **(9) Expert Witnesses** The parties do not anticipate that there will be a need for expert
27 witnesses in this case.
28

**(10) Class Action.**

This case is not a class action.

**(11) Bifurcation**

The parties do not believe there is a need for bifurcation.

EPA's Position: EPA does not believe that there are any disputed issues of material fact that warrant either discovery or a trial, and believes that the case should be resolved on motions for summary judgment once the D.C. Circuit action is concluded. Thus, EPA believes there is no need for bifurcation.

**(12) Pretrial Conference**

California and plaintiff-intervenors' Position: California believes the pretrial conference should be set for no later than April 30, 2008.

EPA's Position: EPA believes that there is no need for a pretrial conference because EPA does not believe that there are any disputed issues of material fact that warrant a trial. Rather, EPA believes that the case should be resolved on motions for summary judgment once the D.C. Circuit action is concluded

**(13) Trial Date**

California and plaintiff-intervenors' Position: California believes that in the event this case is not resolved on summary judgment, the trial should be set for a date 30 to 60 days after the pretrial conference.

EPA's Position: EPA does not believe that a trial date should be set because EPA does not believe that there are any disputed issues of material fact that warrant a trial. Rather, EPA believes that the case should be resolved on motions for summary judgment once the D.C. Circuit action is concluded.

| | | |
|---|---|---|
| 1 | Dated: February 1, 2008 | Respectfully submitted, |
| 2 | | EDMUND G. BROWN JR.<br>Attorney General of the State of California |
| 3 | | MARY E. HACKENBRACHT<br>Senior Assistant Attorney General |
| 4 | | ELLEN M. PETER<br>Supervising Deputy Attorney General |
| 5 | | |
| 6 | | |
| 7 | |  /s/ Jan Zabriskie<br>Jan Zabriskie<br>Deputy Attorney General |
| 8 | | *Attorneys for Plaintiff State of California* |
| 9 | | |
| 10 | |  /s/ Yueh-ru Chu<br>FOR THE STATE OF NEW YORK<br>ANDREW M. CUOMO |
| 11 | | ATTORNEY GENERAL<br>Katherine Kennedy |
| 12 | | Michael Myers<br>Yueh-ru Chu |
| 13 | | Assistant Attorneys General<br>120 Broadway, 26th Floor |
| 14 | | New York, NY 10271<br>(212) 416-6588 |
| 15 | | |
| 16 | | *Lead Counsel for attorneys Representing Plaintiff Intervenors the State of New York, Commonwealth of Massachusetts, State of Arizona, State of Connecticut,* |
| 17 | | *State of Illinois, State of Maine, State of Maryland, State of New Jersey, State of New Mexico, State* |
| 18 | | *of Oregon, Commonwealth of Pennsylvania Department of Environmental Protection, State of Rhode Island, State of* |
| 19 | | *Vermont, State of Washington* |
| 20 | | |
| 21 | |  /s/ Frederick D. Augenstern<br>FOR THE COMMONWEALTH OF MASSACHUSETTS<br>MARTHA COAKLEY |
| 22 | | ATTORNEY GENERAL<br>Frederick D. Augenstern |
| 23 | | Assistant Attorneys General<br>Environmental Protection Division |
| 24 | | 1 Ashburton Place, 18th Floor<br>Boston, MA 02108 |
| 25 | | (617) 727-2200 |
| 26 | | *Co-Lead Counsel for attorneys Representing Plaintiff Intervenors the State of New York, Commonwealth* |
| 27 | | *of Massachusetts, State of Arizona, State of Connecticut,* |
| 28 | | |

**Parties Report and Discovery Plan**
**Local Rule 16.3(d)**                                          10

*State of Illinois, State of Maine, State of Maryland, State of New Jersey, State of New Mexico, State of Oregon, Commonwealth of Pennsylvania Department of Environmental Protection, State of Rhode Island, State of Vermont, State of Washington*

 /s/ Matt Kenna
Matt Kenna (CO Bar No. CO0028)
Western Environmental Law Center
679 E. 2nd Ave., Suite 11B
Durango, CO 81301
(970) 385-6941

*Representing Plaintiff Intervenors Washington Environmental Council, Climate Solutions, Environment Washington, Oregon Wild, Environment Oregon, 3E Strategies, Angus Duncan, Center For Biological Diversity and Friends of the Earth*

 /s/ Benjamin Longstreth
Benjamin Longstreth (D.C. Bar No. 455525)
Natural Resources Defense Counsel
1200 New York Ave., NW, Suite 400
Washington, DC 20005
(202) 289-6868

*Representing Plaintiff Intervenors the Natural Resources Defense Council, Environmental Defense Fund, Sierra Club and the Conservation Law Foundation*

 /s/ Valerie Csizmadia
Valerie Csizmadia
Deputy Attorney General
Delaware Department of Justice
102 West Water Street, 3rd Floor
Dover, Delaware 19904
(302) 739-4636

*Representing Plaintiff Intervenor State of Delaware*

 /s/ Norman L. Rave, Jr.
Norman L. Rave, Jr.
U. S. Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
(202) 616-7568

*Representing Defendant U.S. Environmental Protection Agency and Stephen L. Johnson, Administrator*

**Parties Report and Discovery Plan**
**Local Rule 16.3(d)**                                11

1
2
3                          IN THE UNITED STATES DISTRICT COURT
4                                FOR THE DISTRICT OF COLUMBIA
5
6

| | |
|---|---|
| **STATE OF CALIFORNIA, by and through ARNOLD SCHWARZENEGGER, GOVERNOR OF THE STATE OF CALIFORNIA, and the CALIFORNIA AIR RESOURCES BOARD,**<br>                                          Plaintiff,<br>**COMMONWEALTH OF MASSACHUSETTS, et al.**,<br>                              Intervenor Plaintiffs,<br>**WASHINGTON ENVIRONMENTAL COUNCIL, et al.**,<br>                              Intervenor Plaintiffs,<br>**STATE OF DELAWARE**<br>                               Intervenor Plaintiff,<br>and<br>**NATURAL RESOURCES DEFENSE COUNCIL, et al.**,<br>                              Intervenor Plaintiffs,<br>v.<br>**THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, and STEPHEN L. JOHNSON, Administrator,**<br>                                          Defendant. | 1:07-CV-02024-RCL<br><br>**PLAINTIFFS' PROPOSED SCHEDULING ORDER UNDER LOCAL RULE 16.3(d)** |

        After a scheduling conference held in open Court on February __. 2008, and upon

consideration of the parties' Report on Discovery Plan And Statement re Positions And Agreements

Under Local Rule 16.3(d) ("Parties' Report")following their conference held under Rule 26(f),

Federal Rules of Civil Procedure, and Local Rule 16.3, it is hereby ORDERED that:

    1.   The parties shall make initial disclosures pursuant to Rule 26(a)(1), Federal Rules of Civil

Procedure, by February 12, 2008.

**Plaintiffs' Proposed Scheduling Order**
**Local Rule 16.3(d)**                                             1

1      2.    The deadline by which any other parties shall be joined or the pleadings amended is March 1, 2008.

3      3.    All motions for summary disposition referenced in the Parties' Report shall be filed no later than February 8, 2008.

5      4.    In the event the parties do not reach agreement on stipulated facts for plaintiffs' motion for summary judgment, discovery may commence immediately and shall be completed by March 31, 2008, except as otherwise ordered by the court or agreed to by the parties. Service of discovery and responses is to be effected by email in addition to any other form of service.

9      5.    A maximum of 20 interrogatories is allowed each side, to be served by February 15, 2008. Responses are due 15 days after service.

11     6.    A maximum of 20 requests for admission is allowed each side, to be served by February 15, 2008. Responses due 15 days after service.

13     7.    A maximum of 20 requests for document production is allowed each side, to be served by February 15, 2008. Responses are due 15 days after service and production is due 20 days after service.

16     8.    A maximum of 10 depositions is allowed each side. Deposition notices are to be served by February 15, 2008, and depositions are to be conducted by March 20, 2008. Each deposition is limited to seven hours except as extended by agreement confirmed in writing.

19     9.    Any discovery motions, including motions to compel depositions and answers to deposition questions, are to be filed no later than March 30, 2008.

21     10.    If the case is still pending, a pretrial conference shall be had before the Court on April __, 2008. Counsel who will try the case must attend. The Court will set a trial date at the pre-trial conference. A pretrial statement shall be filed and served by each party at least 11 days before the conference in the manner prescribed in Local Rule 16.5.

25 / / /
26 / / /
27 / / /
28 / / /

**Plaintiffs' Proposed Scheduling Order**
**Local Rule 16.3(d)**          2

1    11.   Pursuant to Federal Rules of Civil Procedure, Rule 16(d), this Order shall control the
2  course of this action unless modified by subsequent order.
3  SO ORDERED
4  February __, 2008
5
    _____
    The Honorable Royce C. Lamberth
6   United States District Court Judge

**Plaintiffs' Proposed Scheduling Order**
**Local Rule 16.3(d)**                               3