1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  MARY E. HACKENBRACHT
   Senior Assistant Attorney General
3  ELLEN M. PETER
   Supervising Deputy Attorney General
4  JOSEPH BARBIERI
   MARK POOLE
5  Deputy Attorneys General
   JAN ZABRISKIE
6  Deputy Attorney General
    1300 I Street, Suite 125
7   P.O. Box 944255
    Sacramento, CA 94244-2550
8   Telephone: (916) 322-5181
    Fax: (916) 327-2319
9   Email: jan.zabriskie@doj.ca.gov

10 Attorneys for Plaintiff

11              IN THE UNITED STATES DISTRICT COURT

12                 FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STATE OF CALIFORNIA, by and through ARNOLD SCHWARZENEGGER, GOVERNOR OF THE STATE OF CALIFORNIA, and the CALIFORNIA AIR RESOURCES BOARD,** <br><br>                                    Plaintiff, <br><br> **COMMONWEALTH OF MASSACHUSETTS, et al.**, <br><br>                        Intervenor Plaintiffs, <br><br> **WASHINGTON ENVIRONMENTAL COUNCIL, et al.**, <br><br>                        Intervenor Plaintiffs, <br><br> **STATE OF DELAWARE** <br><br>                         Intervenor Plaintiff, <br> and <br><br> **NATURAL RESOURCES DEFENSE COUNCIL, et al.**, <br><br>                        Intervenor Plaintiffs, <br> v. <br><br> **THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, and STEPHEN L. JOHNSON, Administrator,** <br>                                    Defendant. | 1:07-CV-02024-RCL <br><br> **PLAINTIFF CALIFORNIA AND PLAINTIFF-INTERVENORS' OPPOSITION TO ENVIRONMENTAL PROTECTION AGENCY'S MOTION TO ABATE** |

Plf CA and Plf-I Opp. to EPA Motion to Abate

TABLE OF CONTENTS

PAGE(S)

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     A.   California's Adoption of Greenhouse Gas Standards Under Its Clean Air Act
          Authority. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     B.   California's Waiver Request and EPA's Response . . . . . . . . . . . . . . . . . . . . . . . 4

     C.   Procedural Posture. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III. EPA HAS FAILED TO CARRY ITS BURDEN OF ESTABLISHING THAT IT
     WILL SUFFER HARDSHIP FROM A STAY AND THAT THE BALANCE OF
     COMPETING INTERESTS WEIGHS IN ITS FAVOR. . . . . . . . . . . . . . . . . . . . . . . . 6

     A.   EPA Must Meet a Substantial Burden to Obtain a Stay of Ongoing
          Litigation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     B.   EPA Has Failed to Demonstrate any Hardship or Inequity Justifying a Stay,
          and the Equitable Balance Weighs Entirely in California's Favor. . . . . . . . . . . . . 8

          1.   EPA's Motion Should Be Denied Because EPA Has Failed to
               Demonstrate Hardship or Inequity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

          2.   EPA's Motion Should Be Denied Because the Equities Weigh
               Entirely in California's Favor. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

     C.   EPA's Reasons for Seeking Abeyance Lack Merit. . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

i

TABLE OF AUTHORITIES

PAGE(S)

CASES

*Asbestec Constr. Servs., Inc. v. EPA*,
    849 F.2d 765, 769 (2d Cir.1988)............................................10

*Clinton v. Jones*
    520 U.S. 681 (1997) ................................................... 6

*Commodity Futures Trading Com. v. Chilcott Portfolio Management, Inc.*
    713 F.2d 1477 (10th Cir. 1983) ......................................... 7

*Craft v. Philip Morris Co.*
    2006 U.S. Dist. LEXIS 28081, at *29-30 (D. Mo. 2006) ................... 7

*Dependable Highway Express, Inc. v. Navigators Ins. Co.*
    498 F.3d 1059 (9th Cir. 2007) .......................................... 7

*GFL Advantage Fund Ltd. v. Colkitt*
    216 F.R.D. 189 (D.D.C. 2003) ........................................... 6

*Gold v. Johns-Manville Sales Corp.*
    723 F.2d 1068 (3d Cir. 1983) ........................................... 7

*Hisler v. Gallaudet Univ*.
    344 F. Supp. 2d 29 (D.D.C. 2004) ..................................... 7-9

*Inverworld, Ltd. v. United States*
    1993 WL 439831 (D.D.C. 1993) .......................................... 10

* *Landis v. North American Co.*
    299 U.S. 248 (1936) ....................................... 1, 2, 6-8, 10

*Leyva v. Certified Grocers of California, Ltd.*
    593 F.2d 857 (9th Cir.),
    cert. denied, 444 U.S. 827 (1979) .................................... 7, 9

*Lockyer v. Mirant Corp.*
    398 F.3d 1098 (9th Cir. 2005) .......................................... 8

*Massachusetts v. EPA*,
    ___ U.S. ___ 27 S. Ct. 1438, 167 L.Ed.2d 248 (2007) ................. 1, 4

*National Family Planning and Reproductive Health Ass'n v. Sullivan*
    1992 WL 345629 (D.D.C. Oct. 5, 1992) .................................. 11

*NRDC v. EPA*,
    673 F.2d 400, 405 n. 15 (D.C.Cir.1982).................................10

*Painters' Pension Trust Fund v. Manganaro Corp.*
    693 F. Supp. 1222 (D.D.C. 1988). ....................................... 7

*Sierra Club v. Thomas*
   828 F.2d 783 (D.C. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Williford v. Armstrong World Indus., Inc.*
   715 F.2d 124 (4th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

### STATUTES

California Health & Safety Code
   § 42823 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
   § 43018.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
   2002 Cal. Stats., Chptr. 200 (AB1493) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

42 U.S.C.
   § 7543(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
   § 7604 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
   § 7607(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

### REGULATIONS

California Code of Regulations
   tit. 13, § 1961.1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

### OTHER AUTHORITIES

Selmi, Jurisdiction to Review Agency Inaction Under Federal Environmental Law
   72 Ind. L.J. 65, 69-70 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

\* Authority upon which we chiefly rely are marked with asterisks.

1    Plaintiff California respectfully submits the following opposition to the motion to abate filed by the United States Environmental Protection Agency ("EPA") on January 25, 2008. California is joined by the following plaintiff-intervenors in opposing the motion: States of Arizona, Connecticut, Delaware, Illinois, Maine, Maryland, New Jersey, New Mexico, New York, Oregon, Rhode Island, Vermont, and Washington, the Commonwealth of Massachusetts, the Commonwealth of Pennsylvania's Department of Environmental Protection, Washington Environmental Council, Climate Solutions, Environment Washington, Oregon Wild, Environment Oregon, 3E Strategies, Angus Duncan, Center For Biological Diversity and Friends of the Earth, and the Conservation Law Foundation.

## I.    INTRODUCTION

The EPA's motion for abeyance ("EPA Motion") does not want for irony. In short, EPA seeks to delay California's effort to end EPA's unreasonable delay in acting upon California's request for a waiver under Clean Air Act section 209(b). By refusing to commit to a definite deadline for issuing the formal documents that might explain its December 19, 2007, denial of California's request for a waiver, EPA forced California to maintain unreasonable delay litigation in both this Court and the Court of Appeals because it is uncertain which court has jurisdiction over such claims. California needs EPA to make its final decision and cannot afford to be caught in limbo between courts while EPA continues to stall. EPA ignores the fact that judicial economy is only one consideration under *Landis v. North American Co.*, 299 U.S. 248 (1936). The impact of a stay on the parties also must be considered, and every equitable consideration weighs in California's favor. EPA's motion should be denied.

In its effort to reduce the growing impacts of global warming, California adopted greenhouse gas emission standards for new motor vehicles sold in California starting in model year 2009. More than two years ago, in December 2005, California requested that EPA grant the waiver authorized by Clean Air Act section 209(b) that would allow California to enforce these standards. Since then, 17 other states have adopted, or set the wheels in motion to adopt, California's standards, as is their option under Section 177 of the Act. In May 2007, after the Supreme Court's favorable decision in *Massachusetts v. EPA*, ___ U.S. __, 127 S. Ct. 1438, 167

1  L.Ed.2d 248 (2007), California served notice that it would sue EPA for unreasonable delay if a
2  final decision was not issued within 180 more days. Receiving no decision from EPA after that
3  180-day period, California filed this action to bring an end to EPA's delay. California
4  simultaneously filed a similar action in the United States Court of Appeals for the District of
5  Columbia ("D.C. Circuit") because of legal uncertainty concerning which court had jurisdiction
6  over this action to end unreasonable administrative delay.

7  After California filed these actions, EPA Administrator Stephen Johnson announced his
8  decision to deny California's application in a December 19, 2007, letter to Governor
9  Schwarzenegger. The Administrator stated that he had instructed his staff to write down his
10 "denial in more detail" and to have the "appropriate documents" ready for his signature "as soon
11 as possible." Nearly two months have passed since the Administrator's letter, and California is
12 still waiting for these "details." Without these "details", California may be stymied in its efforts
13 to obtain judicial review on the merits of EPA's denial of California's waiver application,
14 because EPA contends that there is no final reviewable decision until EPA issues those details.

15 In order to end the delay in providing these "details," California is filing a motion for
16 summary judgment on the unreasonable delay claim, and seeking a deadline for issuing the
17 "appropriate documents" to which the Administrator referred. EPA has stated that it intends to
18 file a cross motion for summary judgment.

19 Rather than allow this action to proceed to a prompt resolution, however, EPA now seeks to
20 abate it, appealing to this Court's inherent scheduling discretion under *Landis*, 299 U.S. 248.
21 But *Landis* is not a freewheeling license to deny plaintiffs their day in court. As a threshold
22 matter, *Landis* requires that the moving party demonstrate actual hardship or inequity. EPA has
23 not even tried to make that showing, and for that reason alone its motion should be denied.

24 Moreover, a request for a stay requires that the Court "weigh competing interests,"
25 including harm to the opposing party, and EPA fails to meet its burden of demonstrating that
26 these competing interests weigh in its favor. Any litigation delay prejudices California, because
27 the very point of California's action is to eliminate delay so that it can begin enforcing its
28 greenhouse gas regulations. And it is questionable whether abating this action would promote

Plf CA and Plf-I  Opp. to EPA Motion to Abate

2

judicial efficiency. If this motion is granted and the D.C. Circuit finds that it does not have jurisdiction to decide California's unreasonable delay claim, California will be starting from scratch in this Court many months from now, and EPA will have benefitted from more delay, at California's expense. In these circumstances, the balance of competing interests weighs strongly against staying California's action. Finally, EPA has the power to resolve its supposed concerns about judicial efficiency simply by issuing the promised Federal Register documents needed to "explain" its December 19th decision. On January 24, 2008, the EPA Administrator told the Senate Environment and Public Works Committee that EPA expects to issue those documents by the end of February 2008. Declaration of Jan Zabriskie filed herewith ("Zabriskie Decl."), ¶ 3. That would moot both of these unreasonable delay actions and spare both courts further litigation about EPA's conduct.

In view of, and in reliance on, EPA's latest representation as to the timing of its action, California suggests that the Court defer consideration of this abeyance motion until March 3, 2008. If EPA issues its final documents as promised by the end of February 2008, this action will be moot. If EPA fails to issue its final documents by the end of February, California requests that the Court deny this abeyance motion and proceed to consider California's motion for summary judgment on the merits as rapidly as possible.

## II. BACKGROUND

### A. California's Adoption of Greenhouse Gas Standards Under Its Clean Air Act Authority.

In its effort to reduce the impacts of global warming, the California Legislature in 2002 required the California Air Resource Board (CARB) to develop and adopt a regulation for the control of greenhouse gas emissions by light-duty motor vehicles. 2002 Cal. Stats., Chptr. 200, (AB1493), amending Cal. Health & Safety Code § 42823 and adding § 43018.5. The Legislature found that global warming would create "compelling and extraordinary" impacts on California, such as potential reductions in the state's water supply, increases in catastrophic wildfires; and potential damage to the state's coastline and ocean ecosystems due to increased storms and sea level rise. *Id.* Complying with this directive, CARB approved regulations limiting greenhouse

gas emissions from new automobiles sold in California beginning with model year 2009. (Cal. Code Regs. tit. 13, § 1961.1(a).)

**B.  California's Waiver Request and EPA's Response.**

Following adoption of the greenhouse gas regulations, CARB requested, on December 21, 2005, that the EPA waive federal preemption of these regulations under section 209(b) of the Clean Air Act, 42 U.S.C. § 7543(b).  Request for Judicial Notice filed herewith, ("RJN") Ex.1, p. 21260.  Clean Air Act section 209(b) requires that EPA waive preemption of its motor vehicle emission standards unless the EPA administrator makes findings that California failed to meet one of the three criteria specified in the Act.  42 U.S.C. § 7543(b)(1)(A)-(C).  EPA, however, did not issue a notice of hearing or solicit additional comments on California's waiver application until April 30, 2007, 16 months after CARB submitted its application.  RJN, Ex. 1, p. 21260.

When EPA failed to inform California of any work being done on the application, Governor Schwarzenegger wrote to President Bush, and copied the EPA Administrator, to request prompt EPA action.  RJN, Ex. 2.  Receiving no response or indication of any movement on his request, Governor Schwarzenegger again wrote the President and the EPA and requested prompt action.  RJN, Ex. 3.  A senior EPA official finally responded to California on February 21, 2007, stating that nothing would be done on the waiver until the Supreme Court issued its decision in *Massachusetts v. EPA*.  RJN, Ex 4.  On April 2, 2007, the Supreme Court rejected EPA's position and held that the Clean Air Act authorizes the regulation of greenhouse gases.  *Massachusetts v. EPA*, 127 S.Ct. at 1450.

Shortly after the *Massachusetts* decision, Governor Schwarzenegger gave EPA Administrator Johnson formal notice of his intent to sue EPA to end the unreasonable delay in issuing the waiver decision.  RJN, Ex. 5.  Administrator Johnson promised Governor Schwarzenegger on June 21, 2007, that he would "make a final determination on the State's request by the end of this year."  RJN, Ex. 6.  The Administrator assured the Governor that a decision "by the end of this year is both responsible and expeditious."  *Id.*  Five days later, on July 26, 2007, the Administrator reiterated to Congress his commitment to issue a decision by year's end:

Plf CA and Plf-I  Opp. to EPA Motion to Abate

4

> In recent written correspondence with California's Governor Schwarzenegger, I have committed to issuing a decision on the waiver by the end of this year. We will continue to inform the Committee of our progress in this matter.

RJN, Ex. 7 at pp. 2-3.

California initiated this action in November 2007, to challenge EPA's unreasonable delay in acting on California's waiver application. In response to this filing, the Administrator's spokesman reiterated EPA's commitment to issue the final waiver decision by the end of 2007. RJN, Ex. 8. On the same day that it filed this action, California filed a similar action in the D.C. Circuit. *California v. U.S. Environmental Protection Agency*, D.C. Cir. Ct. No. 07-1457.

EPA Administrator Johnson finally announced his decision in a December 19, 2007, letter to Governor Schwarzenegger. RJN, Ex. 9. The Administrator stated that he was going to deny the waiver because "California does not have a 'need to meet compelling and extraordinary circumstances.'" *Id*. The Administrator stated that he had instructed his staff to write down his "denial in more detail" and to have the "appropriate documents" ready for his signature "as soon as possible." *Id*. Nearly two months have passed since the Administrator's letter. EPA still has not provided the additional documentation.[1]

**C. Procedural Posture.**

California filed a motion to expedite in the D.C. Circuit case, and EPA filed a motion to dismiss the D.C. Circuit case or, alternatively, a motion that it be held in abeyance pending the outcome of this case. On January 3, 2008, the D.C. Circuit denied California's motion to expedite, denied EPA's abeyance motion, and referred EPA's motion to dismiss to the merits

---

1. California also filed a petition for review of the Administrator's December 19, 2007 decision in the United States Court of Appeals for the Ninth Circuit. Case No. 08 70011. Final actions of regional or local applicability may be challenged in the "appropriate circuit" unless EPA publishes a finding of "national scope or effect," in which case venue lies in the D.C. Circuit. 42 U.S.C. § 7607(b)(1). Because EPA did not publish a finding of "nationwide scope or effect" in its December decision, venue properly lies in the Ninth Circuit. EPA contends, however, that its December 19th letter was not "final action" for the purposes of judicial review. Although California contends that EPA took final action on December 19th, California continues to pursue this unreasonable delay action in the event that EPA's characterization of the December 19th letter prevails.

Plf CA and Plf-I Opp. to EPA Motion to Abate

5

1  panel. See Attachment 4 to EPA Motion (ECF Document 25). The D.C. Circuit set a briefing
2  schedule under which California's brief on both jurisdiction and the merits was due January 15,
3  2008, EPA's brief on February 14, and California's reply brief on February 28. The Circuit
4  Court directed that the case be scheduled for argument on the first appropriate date following the
5  completion of briefing. *Id.*

6  EPA has now filed this motion to abate this action until completion of the D.C. Circuit
7  action. California has offered to suspend litigation of both unreasonable delay cases if EPA
8  would agree to a date certain for issuing its detailed decision, but EPA has not agreed to this
9  proposal. Zabriskie Decl., Ex. A.

**III. EPA HAS FAILED TO CARRY ITS BURDEN OF ESTABLISHING THAT IT WILL SUFFER HARDSHIP FROM A STAY AND THAT THE BALANCE OF COMPETING INTERESTS WEIGHS IN ITS FAVOR**.

12  EPA contends that the Court should stay this action until the D.C. Circuit action is decided
13  because "[t]o address the identical claims simultaneously in this Court would be an inappropriate
14  use of judicial resources and create the risk of inconsistent decisions." EPA Motion (ECF
15  Document 25) at 6. The federal courts are reluctant to issue stays, however, because they
16  deprive litigants of timely resolution to their claims. As a result, the courts impose significant
17  requirements on those seeking this relief. EPA here has failed to carry its burden of
18  demonstrating that this action should be held in abeyance.

**A.   EPA Must Meet a Substantial Burden to Obtain a Stay of Ongoing Litigation.**

20  The leading case is *Landis v. North American Co.*, 299 U.S. 248 (1936). Under *Landis*, a
21  district court has broad discretion to stay pending litigation. See *Landis*, 299 U.S. at 254-55; *see*
22  *also*, *e.g.*, *GFL Advantage Fund Ltd. v. Colkitt*, 216 F.R.D. 189, 193 (D.D.C. 2003).
23  Despite this discretion, a court's power to issue a stay is not "without limitation." *Williford v.*
24  *Armstrong World Indus., Inc*., 715 F.2d 124, 127 (4th Cir. 1983). First, the proponent of the stay
25  bears the burden of establishing its need for a stay. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).
26  "The party seeking a stay must justify it by clear and convincing circumstances outweighing
27  ///
28  ///

Plf CA and Plf-I Opp. to EPA Motion to Abate

potential harm to the party against whom it is operative." *Williford*, 715 F.2d at 127; *see, e.g.*, *Painters' Pension Trust Fund v. Manganaro Corp.*, 693 F. Supp. 1222, 1224, 1225 n 1 (D.D.C. 1988).

As a threshold requirement, the moving party "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255; *see Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007); *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1075-76 (3d Cir. 1983); *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 36 (D.D.C. 2004). It is only in "rare circumstances" that a court will require that a party stand aside while another proceeding moves forward. *Landis*, 299 U.S. at 255; *see Commodity Futures Trading Com. v. Chilcott Portfolio Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

Assuming that the moving party can make a sufficient showing of hardship or inequity, the district court then has an obligation to "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. In carrying out this obligation, the court must consider prejudice or harm which a stay may impose on others; it is "well-settled" that the court's management of its caseload is not necessarily a sufficient ground to stay proceedings. *Dependable Highway*, 498 F.3d at 1066.

Because a plaintiff may be prejudiced by delay, a stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable and definite time. *See Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir.), cert. denied, 444 U.S. 827 (1979); *Dependable Highway*, 498 F.3d at 1066-67; *Craft v. Philip Morris Co.*, 2006 U.S. Dist. LEXIS 28081, at *29-30 (D. Mo. 2006).

EPA's motion fails to meet these criteria.

///

///

///

///

Plf CA and Plf-I  Opp. to EPA Motion to Abate

**B.  EPA Has Failed to Demonstrate any Hardship or Inequity Justifying a Stay, and the Equitable Balance Weighs Entirely in California's Favor.**

**1.  EPA's Motion Should Be Denied Because EPA Has Failed to Demonstrate Hardship or Inequity.**

For more than two years, California has been waiting for EPA to complete its decision making process on California's waiver application, and it was forced to bring this action to eliminate any further delay in EPA's process.  California brought a similar action in the D.C. Circuit because of genuine uncertainty about which court had jurisdiction over unreasonable delay claims.  A stay of this litigation therefore inherently prejudices California because it would postpone resolution of California's unreasonable delay claim and contribute to the very delay that California is attempting to prevent.  This is more than sufficient to establish a "fair possibility" of prejudice to California if EPA's abeyance motion is granted.

Consequently, *Landis* requires that the moving party demonstrate "hardship or inequity" if the stay is not granted.  EPA does not attempt to demonstrate that it will suffer hardship or inequity if the stay is not granted.  In fact, the words "hardship", "inequity" or "inequities" do not even appear in EPA's memorandum.  Nor can hardship be implied from EPA's argument. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1111 (9th Cir. 2005) ("being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*"); *Hisler*, 344 F.Supp. 2d at 35 (possibility of inconsistent rulings on same issue does not establish by itself a "'clear case of hardship'").

Because EPA has failed to meet this threshold *Landis* requirement, its abeyance motion should be denied.

**2.  EPA's Motion Should Be Denied Because the Equities Weigh Entirely in California's Favor.**

In addition, EPA has failed to meet its burden of demonstrating that the balance of competing interests - including the impact on the opposing party - weigh in its favor.  California would be prejudiced if this action were stayed, because California cannot enforce its regulations until EPA approves them or a court overrules EPA's denial.  And every day matters, because

Plf CA and Plf-I  Opp. to EPA Motion to Abate

8

California's regulations are designed to become effective for the 2009 automobile model year, which begins in this calendar year. Each subsequent model year has more stringent standards. Granting EPA's motion to hold this case in abeyance until the completion of the D.C. Circuit case would effectively resolve this action in EPA's favor by allowing EPA to delay its final decision making until at least the end of the D.C. Circuit case. By eliminating any incentive for EPA to complete its process until the end of the D.C. Circuit case, a stay of this litigation would enable, if not encourage, EPA's conduct.

This litigation delay is not exaggerated, because the timing and outcome of the D.C. Circuit case is uncertain. The D.C. Circuit has already denied California's motion to expedite. The briefing in the D.C. Circuit case will not be completed until the end of February, and it is unlikely that the D.C. Circuit will schedule oral argument any sooner than its April 2008, calendar. It is uncertain how long it would take the D.C. Circuit to issue its ruling after oral argument, but the D.C. Circuit's median disposition time following oral argument is 1.9 months. See 2002 Annual Report of the Director, Administrative Office of the United States Courts. http://www.uscourts.gov/judbus2002/appendices/b04sep02.pdf. After the D.C. Circuit issues its decision, there remains the specter of rehearing or even rehearing en banc. Therefore, it is unlikely that the D.C. Circuit action would be completed until June 2008 at the earliest.

The D.C. Circuit, however, may well not reach the merits of California's unreasonable delay claim. It must first resolve whether the courts of appeals or the district courts have jurisdiction over an unreasonable delay claim. The issue is whether a 1990 amendment to 42 U.S.C. § 7604 effectively overruled *Sierra Club v. Thomas*, 828 F.2d 783 (D.C. Cir. 1987) and shifted jurisdiction for all unreasonable delay cases to the district courts. The outcome of this jurisdictional issue is uncertain. See generally Selmi, Jurisdiction to Review Agency Inaction Under Federal Environmental Law, 72 Ind. L.J. 65, 69-70 (1996) (noting confusion over jurisdictional boundaries in cases of agency inaction).

Notwithstanding the jurisdictional uncertainty that afflicts cases of unreasonable delay under the Clean Air Act, there should be no mistake. California expressly asserts this Court's jurisdiction under 42 U.S.C. § 7604. Indeed, an important judicial policy makes review in the

Plf CA and Plf-I Opp. to EPA Motion to Abate

district courts particularly appropriate if fact-finding is involved. *See Asbestec Constr. Servs., Inc. v. EPA*, 849 F.2d 765, 769 (2d Cir.1988) ("Since an administrative order reviewable under § 7607(b) may be filed only in the courts of appeals--which are not designed and are ill-equipped to serve as fact-finding forums--this factor strongly militates against finding the instant order a final one."); *cf. NRDC v. EPA*, 673 F.2d 400, 405 n. 15 (D.C.Cir.1982) ("[T]he great advantage the district courts have over the courts of appeals [is] their ability to use extensive fact finding mechanisms . . .") Fact finding is an aspect of our case and it could become all the more important if the EPA has still not produced its decision document by the end of February. Therefore, there is a significant possibility that the D.C. Circuit will find that district courts have jurisdiction of unreasonable delay claims. In that event, there will be even greater delay in resolving California's claim if this Court grants a stay, because this action would not resume until after the D.C. Circuit's decision many months from now. This is the kind of indefinite litigation delay that has caused courts to reject similar requests for a stay. *See Leyva*, 593 F.2d at 864; *Hisler*, 344 F. Supp. 2d at 35.

Because any litigation delay would undermine California's effort to obtain a decision from EPA and because it is very uncertain whether granting the stay would promote judicial efficiency, the balance of competing interests weighs heavily in California's favor.

**C. EPA's Reasons for Seeking Abeyance Lack Merit.**

EPA provides a few reasons to support its motion, but none have merit.

First, EPA contends that abeyance would promote judicial efficiency because California has made "identical claims" in this Court and in the D.C. Circuit case. EPA Motion (ECF Document 25) at 1, 5, 6. EPA has carefully chosen its words. Although the two cases present identical claims, they do not present identical issues. As just noted, the jurisdictional issue over "unreasonable delay" claims is presented only in the D.C. Circuit. As a result, the D.C. Circuit litigation will not necessarily resolve the claim presented in this litigation, because the D.C.

Plf CA and Plf-I Opp. to EPA Motion to Abate

10

Circuit may find that it does not have jurisdiction over California's unreasonable delay claim.[2/]

In addition, EPA contends that abatement is appropriate because it would avoid potentially "inconsistent" decisions between this Court and the D.C. Circuit. EPA Motion (ECF Document at 25) at 2, 6. There is no risk of inconsistent decisions. District courts and the courts of appeals are not coequal. If the two courts were to reach different outcomes in this case, the court of appeals decision controls. The possibility that a court of appeals might reach a different decision than a district court is not "judicial inefficiency" but a description of how the American judicial system works. It is not a waste of this Court's time to allow this action to proceed, even if it turns out that the D.C. Circuit reaches a different conclusion.

EPA also cites two district court memorandum orders in which courts issued stays to avoid duplicative litigation, *National Family Planning and Reproductive Health Ass'n v. Sullivan*, 1992 WL 345629 (D.D.C. Oct. 5, 1992) *Inverworld, Ltd. v. United States*, 1993 WL 439831 (D.D.C. 1993). These fact-specific cases are immediately distinguishable from this one because neither court in those cases found that the opposing party would be prejudiced by a stay. Nor did either court hold that judicial economy is the exclusive concern in determining whether to issue a *Landis* stay. Moreover, *Inverworld* concerned two alternative lower courts, neither of which would be able to review the other. In *National Family Planning and Reproduction Health Ass'n*, there was no question that the circuit court had jurisdiction to decide the issues. Thus, EPA's authorities are distinguishable on multiple grounds.

Finally, EPA contends that, because California is actively pursuing its claims in the D.C. Circuit, "California should not be heard to claim that it will be prejudiced by holding this case in abeyance while it pursues its claim in its chosen forum." EPA Motion (ECF Document 25) at 7. As noted at the outset, EPA is seeking to exploit the jurisdictional predicament in which its

---

2. EPA also states that California "suggested that it would be more appropriate to hold the action in this Court in abeyance." EPA Motion (ECF Document 25) at 4. EPA apparently is referring to an ambiguous subheading in California's opposition to EPA's motion to abate in the D.C. Circuit. Doc. 25-4 at 11. As the text of California's opposition shows, California argued that abatement in this Court would be appropriate if the Court of Appeal found that it had jurisdiction of California's unreasonable delay case. *Id*. That position is reasonable, and that remains California's position.

Plf CA and Plf-I Opp. to EPA Motion to Abate

inaction has placed California. By failing to complete its decision making in a timely manner, EPA compelled California to seek judicial relief in both courts because there is legitimate uncertainty concerning which court has jurisdiction. *Supra* at 8-9. California needs both courts to move ahead on these actions. Until the litigation dust settles, it is unknown whether this approach does or does not serve the needs of judicial economy. But, as shown, judicial economy is only one consideration in a *Landis* stay. The impact of a stay on the parties must be considered, and every equitable consideration weighs in California's favor.

## CONCLUSION

The Court should defer consideration of this motion until March 3, 2008. If this action is not moot by that date, the Court should consider EPA's motion and deny it.

Dated: February 8, 2008        Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California
MARY E. HACKENBRACHT
Senior Assistant Attorney General
ELLEN M. PETER
Supervising Deputy Attorney General
JOSEPH BARBIERI
MARK POOLE
Deputy Attorneys General


/s/   Jan Zabriskie
JAN ZABRISKIE
Deputy Attorney General

Attorneys for Plaintiff State of California


 /s/  Yueh-ru Chu
FOR THE STATE OF NEW YORK
ANDREW M. CUOMO
ATTORNEY GENERAL
Katherine Kennedy
Michael Myers
Yueh-ru Chu
Assistant Attorneys General
120 Broadway, 26th Floor
New York, NY 10271
(212) 416-6588

*Lead Counsel for attorneys Representing Plaintiff Intervenors the State of New York, Commonwealth of Massachusetts, State of Arizona, State of Connecticut, State of Illinois, State of Maine, State of Maryland, State of New Jersey, State of New Mexico, State of Oregon, Commonwealth of Pennsylvania Department of Environmental Protection, State of Rhode Island, State of Vermont, State of Washington*

 /s/  Frederick D. Augenstern
FOR THE COMMONWEALTH OF MASSACHUSETTS
MARTHA COAKLEY
ATTORNEY GENERAL
Frederick D. Augenstern
Assistant Attorneys General
Environmental Protection Division
1 Ashburton Place, 18th Floor
Boston, MA 02108
(617) 727-2200

*Co-Lead Counsel for attorneys Representing Plaintiff Intervenors the State of New York, Commonwealth of Massachusetts, State of Arizona, State of Connecticut, State of Illinois, State of Maine, State of Maryland, State of New Jersey, State of New Mexico, State of Oregon, Commonwealth of Pennsylvania Department of Environmental Protection, State of Rhode Island, State of Vermont, State of Washington*

 /s/  Valerie Csizmadia
Valerie Csizmadia
Deputy Attorney General
Delaware Department of Justice
102 West Water Street, 3rd Floor
Dover, Delaware 19904
(302) 739-4636

*Representing Plaintiff Intervenor State of Delaware*

 /s/  Matt Kenna
Matt Kenna (CO Bar No. CO0028)
Western Environmental Law Center
679 E. 2nd Ave., Suite 11B
Durango, CO 81301
(970) 385-6941

*Representing Plaintiff Intervenors Washington Environmental Council, Climate Solutions, Environment Washington, Oregon Wild, Environment Oregon, 3E Strategies, Angus Duncan, Center For Biological Diversity and Friends of the Earth*