UNITED STATES DISTRICT COURT
DISTRICT OF THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STATE OF CALIFORNIA, | ) ) ) | |
| Plaintiff, | ) ) | Civ. No. 1:07-CV-02024-RCL |
| v. | ) ) ) | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al, | ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' MOTION TO
EXTEND TIME TO RESPOND TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Defendants United States Environmental Protection Agency and Stephen L. Johnson, Administrator, (collectively "EPA") hereby move to extend the time for EPA to respond to the motion of plaintiff and plaintiff-intervenors (collectively "plaintiffs") for summary judgment (Docket Entry ("DE") 31) until one week after the Court's ruling on EPA's pending motion to hold the case in abeyance, if the Court denies the motion to hold in abeyance.

In this case plaintiff State of California seeks an order compelling EPA to make a final determination on its request for a waiver of federal preemption of new motor vehicle emission standards pursuant to section 209(b) of the Clean Air Act,

42 U.S.C. § 7543(b).  Simultaneously with filing this case, California brought an action in the D.C. Circuit seeking identical relief.  California v. EPA, No. 07-1457 (D.C. Cir.).  Because it is inappropriate for this claim to proceed while the Court of Appeals is considering the identical claim, EPA moved to hold this case in abeyance pending resolution of the matter in the Court of Appeals.  DE 25.  That motion is now fully briefed.

Plaintiffs filed a motion for summary judgment on February 11, 2008.  DE 31.  Under the Federal Rules of Civil Procedure, EPA's opposition to that motion is due February 25, 2008.  As stated in our motion to hold this case in abeyance, there is no basis for this case to proceed while the same matter is pending before the Court of Appeals.  Thus, EPA should not be required to respond to plaintiffs' motion for summary judgment until the Court decides the pending motion to hold the case in abeyance.

Accordingly, the time for EPA to respond to the motion for summary judgment should be extended to one week after the Court rules on the pending motion to hold the case in abeyance.  Plaintiff State of California has stated that it opposes this motion, but has stated that it would not oppose an extension until March 3, 2008, based on statements by the EPA Administrator that EPA intends to take final action by the end of February 2008.  See Attachment 1.

        Respectfully submitted,

        RONALD J. TENPAS
        Assistant Attorney General
        Environment and Natural Resources
            Division

        <u>/S/ Norman L. Rave, Jr.</u>
        NORMAN L. RAVE, JR.
        United States Department of Justice
        Environment and Natural Resources
            Division
        P.O. Box 23986
        Washington, DC  20026-3986
        Tel:   (202) 616-7568
        Fax:   (202) 514-8865
        Email:norman.rave@usdoj.gov

Of Counsel:

MICHAEL HOROWITZ
Office of General Counsel
U. S. Environmental Protection Agency
1200 Pennsylvania Ave., NW
Washington, DC 20460

February 25, 2008



**EDMUND G. BROWN JR.**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public: (916) 445-9555
Telephone: (916) 322-5181
Facsimile: (916) 327-2319
E-Mail: Jan.Zabriskie@doj.ca.gov

*via email and regular mail*

February 13, 2008

Norman L. Rave, Jr.
US Department of Justice - Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986

RE:   *State of California v. United States Environmental Protection Agency, et al.*, United States District Court for District of Columbia, Case No. 1:07-CV-02024

Dear Norman:

California remains willing to extend the due-date for EPA's opposition to plaintiff and plaintiff-intervenors' motion for summary judgment to a date certain. Our previous offer of a March 3, 2008, due-date remains open. I expect the plaintiff-intervenors' will agree to an extension for this date certain. Since EPA expects the case will be moot before the end of this month, this due-date should be acceptable to it. We see no reason to accept EPA's proposal to link the due-date to whenever the Court might rule on EPA's motion to abate.

Since EPA strongly refuses, as a matter of principle, to do anything that might indicate this case should proceed while the Circuit Court case is pending, we are willing to stipulate that an extension for the summary judgment opposition to a date certain is not such an admission.

The March 3rd due-date provides EPA with a reasonable extension for multiple reasons. First, EPA must already know whether any opposition will be necessary. Second, EPA is briefing the legal issues of delay in its respondents' brief in the Circuit Court tomorrow. Third, EPA has had a draft version of our separate statement since January 25, 2008. Thus, a March 3 extension allows EPA sufficient time to finish whatever remains to be done in opposing the summary judgment motion. Nevertheless, if an acceptable extension is a question of EPA having a few extra days after that, please let me know.

In the event EPA rejects our offer and moves the Court for a due-date linked to the order on its motion to abate, or some other indefinite date, please inform the Court that plaintiff and plaintiff-intervenors had offered to stipulate to EPA filing its summary judgment opposition based on a date-certain in early March.

Sincerely,

JAN ZABRISKIE
Deputy Attorney General

For   EDMUND G. BROWN JR.
      Attorney General

30394087.wpd